the motion of the relator must be dismissed, and judgment entered in favor of the defendants.

Judgment accordingly.

PECK, GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred

———————•••◆••———————

THOMAS McDERMOTT v. THE STATE OF OHIO.

1. In prosecutions for rape, it is not competent for the accused to prove that the prosecutrix, on the day that the offense was perpetrated, had made an arrangement with a *third person* to have sexual intercourse with him at another time and place, and also, to have such intercourse with him, at the town which they were approaching, on that night, in case her husband did not meet her there.

2. Where, in the course of an inquiry into the general character of the prosecutrix for chastity, some of the witnesses for the accused, spoke of *specific* reports of sexual intercourse between her and *another individual*, no objection having been made to proof of such specific reports, it is not competent for the state, by way of rebuttal, to prove that *no such improper intercourse ever in fact existed.* The issue, in such cases, is not whether the reputation for unchastity was *deserved*, but whether it was *generally accredited.*

ERROR to the court of common pleas of Trumbull county.

The plaintiff in error, at the October term, 1861, of the court of common pleas of Trumbull county, was indicted for the perpetration of a rape upon one Sarah Helme, and at the same term was tried and convicted for the crime, and sentenced to the penitentiary for a term of years.

During the progress of the trial before a jury, sundry rulings were made by the court, and excepted to by the plaintiff in error, including testimony offered by the plaintiff in error, and also in admitting testimony objected to by him. The purport and effect of the testimony thus admitted and excluded, so far, at least, as the same is material to a correct appreciation of the points decided, are stated in the opinion of the court.

Upon the rendition of the verdict, a motion was made by

the prisoner for a new trial, which was overruled by the court, and exception taken; and thereupon he moved in arrest of judgment, which motion was also overruled, and exception taken.

The present writ of error is prosecuted to reverse said judgment. The errors assigned appear in the opinion of the court.

*George M. Tuttle*, for plaintiff in error.

*James Murray*, attorney-general, for the state.

PECK, J.—The plaintiff in error was tried by a jury in Trumbull common pleas, found guilty of a rape upon one Sarah Helme, and sentenced to the penitentiary. He now seeks to reverse that conviction and sentence upon two principal grounds.

1. For error in excluding from the jury testimony offered by him, that said Sarah, while on the cars, on her way to the town of Warren, where the ravishment is said to have occurred, agreed with a third person to meet him on a future day in Youngstown, and have sexual intercourse with him there; and also, that she proposed to such third person, that if she did not meet her husband in Warren, she would go with him to some place in that town, on the same night, for a like lascivious purpose.

We see no error in the exclusion of this testimony by the court. This court in *McCombs* v. *The State*, 8 Ohio St. Rep. 643, have already decided, upon full consideration, that in prosecutions for rape, the character of the prosecutrix for chastity, can not be impeached by evidence of *particular acts of unchastity* with persons other than the accused, and *also that evidence of such other instances is not admissible on the trial.* If proof of the *act itself* is not admissible, it is difficult to give a reason for permitting proof of an agreement to commit the act. The reason which excludes proof of the act, applies with still greater force to the mere agreement to do it.

We have been furnished with a very elaborate argument in favor of its admissibility, as tending to show the awakened desires and lascivious propensities of the prosecutrix shortly prior to the alleged assault, thereby lessening the probabilities that it was consummated *forcibly* and *against her will.* It by no means follows, that a desire to have sexual intercourse with one·person, tends, legitimately, to prove a willingness to have like intercourse with another and different person. Indeed, the reverse is much the most probable; but, however this may be, the introduction of such proof is pposed to the well-settled rules of evidence. See cases cited in 8 Ohio St. Rep., *supra.*

2. It is said that the court also erred in admitting testi mony, offered by the state, and objected to by plaintiff in error, to disprove the truth of certain specific reports in regard to said Sarah, alluded to by witnesses of plaintiff in error, while deposing as to her general character for chastity.

Several witnesses were examined, on the part of the accused, as to the general character of the prosecuting witness for chastity. Some of the witnesses first examined, in their *crossexamination,* and others subsequently called, in their *examination in chief,* spoke of certain specific reports in circulation of her improper intimacy with Andrew Pritchard and also with Levin Arnold. While others still, do not appear to have, in any way, referred to such *specific* reports, but stated they had the means of knowing her general reputation for chastity, and that it was bad. There does not appear to have been any objection to the proof thus given; but the prosecuting attorney, to rebut it, called Andrew Pritchard and Sarah Helme, offering to prove by them that the specific reports of such improper intimacy between them and also between the said Sarah and Levin Arnold were, in fact, untrue. The plaintiff in error objected to this proof, but his objection was overruled, and they thereupon testified that there had never been any improper intimacy between said Sarah and either of said persons.

The general character of the prosecutrix for chastity, is, as we have seen, properly in issue in such prosecutions; out

particular acts of lewdness with persons other than the accused, could not be proved on the trial. First, because she is presumed to be unprepared to disprove such specific accusations, without previous notice; and, secondly, because it would create collateral issues, indecisive of the guilt or innocence of the accused, but well calculated to embarrass and mislead the jury. The last reason applies with equal force to the testimony objected to by the plaintiff in error. It was an attempt, by the prosecutor, to rebut proof of *general* reputation, by proving that some of the reports prejudicial to Sarah Helme, and which doubtless contributed to her bad reputation, were false and defamatory. Such testimony would create *collateral issues* as to the real truth or falsity of the reports, but would not disprove that such reports were in *general circulation*, nor that they were *generally accredited* by the community. No argument in favor of its admissibility can be drawn from the fact that these specific reports were stated by the witnesses of the accused. They were not called for by him, nor even stated by any of his witnesses in chief, until after their existence had been proved on the crossexamination of the prosecuting attorney, and then witnesses, very naturally, alluded to reports already in proof, in justification of their estimate of her bad reputation. No evidence was offered to prove that the reports were true in fact, nor was any objection made to their introduction, by the prosecuting attorney.

The introduction of illegal testimony, without objection, does not authorize the party failing to object, to introduce similar proof, and much less, when, as in this case, its introduction would create an additional *collateral issue* as to the *truth* of the report itself.

The issue presented by proving her general reputation for chastity bad, was, not that such reputation was *deserved*, but that it was *generally accredited*. It was competent, therefore, for the state, upon crossexamination, to ascertain from the witnesses their means of knowing her general reputation; the origin and character of any and all reports prejudicial to her; the extent to which those reports had prevailed; the

time when and the persons from whom the witnesses heard them; and, in short, everything which reflects upon the nature and general prevalence of the reputation imputed to her; but for the *sole purpose* of showing that, in fact, no such *general* reputation was prevalent in the community. The jury would thus be put in possession of all the facts in regard to the existence and extent of such reputation, and be able to determine how far it affected her credibility, and disproved the charge which she had preferred.

We are, therefore, of the opinion that the court below erred in admitting the testimony of Andrew Pritchard and Sarah Helme, in regard to the intercourse between them, as set forth in the bill of exceptions; and for this reason, the judgment is reversed, and the cause remanded to the court of common pleas for further proceedings.

SUTLIFF, C.J., and GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.