By the Court.
The plaintiff in error was indicted and convicted for attempting to break and enter a dwelling house with intent to commit a *280 felony. This conviction was affirmed by the court of appeals. He was a young man about 23 years of age, and a neighbor of the chief prosecuting witness, who at the time of the indictment was herself 52 years of age.
On the night of June 3, 1916, plaintiff in error attempted to enter the dwelling house by means of a ladder which reached the bedroom of the prosecuting witness. This performance was due, as he claims, because of her invitation to visit her that night. It appears from the testimony of the defendant below that upon the afternoon of that day he called upon the prosecuting witness, and, in the course of an indelicate conversation, took liberties with her person, which she repulsed. He testified further that upon leaving that afternoon she invited him to come back again and that he said, “Yes, I will be back tonight.”
This is the only evidence given by the defendant below touching her character for virtue. The prosecuting witness, however, testified of the attempted liberties upon her person, and of the further fact that he stated to her that his brother and she had improper relations. This she denied. She also denied that she gave him any invitation to come back that night or at any other time. This is substantially all of the testimony offered by either party relating to her character for virtue. The defense offered no testimony as to her general reputation.
On rebuttal the state offered several witnesses in proof of her general reputation in the community for virtue. The defendant below objected to this *281 evidence. The court overruled the objection, and the evidence was admitted. This is the chief error relied upon by the plaintiff in error, and the only one to which it is necessary to allude.
The evidence offered by the defendant below did not tend in any wise to affect the reputation in the community of the prosecuting witness for virtue and chastity. The most that can be said is that, if it were believed, her character might be brought into question by reason of the evidence of Reed as to what occurred on the afternoon in question. But it in no wise assailed the community reputation of the prosecuting witness.
We think the rule is established in Ohio that, before the state can offer, in rebuttal, evidence of general reputation for chastity in cases of this character, the defendant must offer some evidence assailing the general reputation of such witness. The distinction between deserved reputation and accredited reputation is pointed out in the case of McDermott v. State, 13 Ohio St., 332.
For error in admitting this class of testimony on rebuttal, the judgments of the court of appeals and the court of common pleas are reversed, and the case remanded to the latter court for further proceedings according to law.

Judgments reversed.

Nichols, C. J., Jones, Matthias, Johnson and Donahue, JJ., concur.
' Wanamaker, J., dissents.