MOSES TAGGART, ATTORNEY GENERAL, EX REL. THOMAS JACKSON, v. WILLIAM V. JAMES.

[See 73 Mich. 234.]

*Constitutional law—Superintendents of the poor of Wayne county— Quo warranto.*

1. Act No. 273, Laws of 1887, was valid, and revoked the authority of the members of the Detroit poor commission to act as superintendents of the poor of Wayne county, conferred by Act No. 77, Laws of 1885. But said commissioners were again made members of said board of county superintendents by Act No. 326, Laws of 1889, and judgment of ouster should not be entered against them in *quo warranto* proceedings pending when said last-named act took effect, and which were evidently brought for no other purpose except to try a disputed right, on which there has been vacillating legislation.

2. Where a demurrer to respondent's plea of title to an office, in *quo warranto* proceedings, is sustained, but prior to such decision his right to the office is fixed by valid legislation, no final judgment should be rendered against him on the plea, nor should he be required to plead over *puis darrein continuance.*

Information in nature of *quo warranto,* for usurping office of superintendent of the poor of Wayne county. Demurrer to respondent's plea of title sustained, but without costs, or final judgment on the plea. The facts are stated in the opinion, and in 73 Mich. 234.

*Edwin F. Conely, George H. Prentis,* and *William P. Wells,* for relator.

*F. A. Baker,* for respondent.

CAMPBELL, J. In June, 1888, the Attorney General filed an information against respondent for usurping the office of a superintendent of the poor in Wayne county. Respondent demurred, but the demurrer was overruled.

In January, 1889, respondent pleaded that he was one of the poor commissioners of Detroit, appointed in 1887 for four years, and was thereby in law made a superintendent of the poor of Wayne county. To this plea the Attorney General demurred, and this hearing is on that demurrer.

The section of the statute which in 1885[1] made the poor commissioners of Detroit *ex officio* county superin. tendents was remodeled in 1887, so as to leave them out, and confine the board to appointed members. Laws of 1887, p. 372. There is no reason that we can discover why this section was not valid. The plea was bad, and the demurrer of the Attorney General was well taken, and must be sustained.

Had there been no change by statute since, we should be compelled to give judgment of ouster. But during the present session of the Legislature a statute has been passed and given immediate effect, whereby the poor commissioners of Detroit have been again made members of the board of county superintendents.[2] No constitutional objection is raised against this law, of which we must take judicial notice. If Mr. James is still a commissioner, he is entitled to act on the county board, and no judgment of ouster should be given against him. He may be technically liable to a penalty for the original usurpation, but, in the absence of bad faith or some affirmative wrong, such a penalty should, if imposed, only be nominal.

This proceeding was evidently brought for no other purpose except to try a disputed right, on which there has been vacillating legislation. Respondent acted very properly in raising the question, and he is now confirmed in his position for the future. While, therefore, the

[1] See Laws of 1885, Act No. 77.
[2] See Laws of 1889, Act No. 326.

demurrer to the plea should be sustained, no final judgment will be rendered against him on the plea, and he will not be required to plead over *puis darrein continuance*. But it will be stated in the order that, inasmuch as he has since pleading been made by law entitled to hold his office from and after March 13, 1889, no penalty or costs be awarded against him, and that he be discharged of the prosecution without day. No costs will be awarded.

CHAMPLIN, MORSE, and LONG, JJ., concurred.