STATE OF FLORIDA *ex rel.* RIVERS BUFORD, ATTORNEY GENERAL, *Relator,* v. L. M. FUTCH, MILLARD FUTCH, JR., FANNIE FUTCH AND CARRIE GENTRY, *Respondents.*

En Banc.

Opinion Filed June 20, 1927.

*Thomas Palmer,* of Tampa, for Relator;

*T. S. Trantham* and *Bradford G. Williams,* of Lakeland, for Respondents;

*Judson* and *Hopper,* of Lakeland, *amici curiae.*

STRUM, J.—This is a case of original jurisdiction, a proceeding by information in the nature of a quo warranto brought by the State of Florida upon the relation of the Attorney General directly against the respondents, L. M. Futch, Millard Futch, Jr., Fannie Futch and Carrie Gentry, to inquire into what is alleged to be an unauthorized assumption and usurpation on the part of said respondents of certain corporate powers and franchises pursuant to Letters Patent issued on June 25, 1918, incorporating cer-

tain persons under the corporate name of "Gentry-Futch Company" and other Letters Patent issued on August 8, 1923, changing the corporate name of said company to "Futch Company."

In the organization of said corporation, there were four incorporators, two of whom are alleged to have been married women at that time, and therefore disqualified and ineligible as incorporators and original subscribers to the corporate stock of said corporation. The State seeks a judgment of ouster upon the ground that said corporation, for the reason stated, has never attained legal existence and that the claim of right on the part of the respondents to act in a corporate capacity and to exercise a corporate franchise by virtue of said Letters Patent is unfounded and amenable to a direct attack at the instance of the State.

Whatever may have been the status of said corporation, and of the respondents, in the absence of a statute upon the subject, the question has now been put at rest, so far as the relations between the State and the respondents are concerned, by Chapter 11910, Laws of Florida, Acts of 1927, (House Bill No. 1577), Sections One and Two of which are as follows:

"Section 1. Married women are hereby declared competent to be incorporators, subscribers, members, stockholders, directors or officers of any corporation heretofore or hereinafter organized or functioning under or pursuant to any existing or former law of Florida.

"Section 2. The *de jure* corporate existence of any corporation heretofore organized or functioning under any existing or former law of Florida shall not be called into question or held invalid because any one or more of the incorporators, subscribers, members, stockholders, directors or officers thereof were married women, nor shall any act, deed or thing done, permitted or suffered by any such cor-

poration or by any incorporator, subscriber, member, stockholder, director or officer thereof be deemed or held invalid for any such cause; and the letters patent or certificate of incorporation, or charter of any such corporation, if invalid for no other cause, is hereby approved, ratified, confirmed and declared to be valid from and after the time of the issuance thereof.''

Of course, the statute mentioned could not operate so as to affect vested rights, if any, nor to impair the obligation of existing contracts. This suit, however, involves only the right of the respondents, as between themselves and the State, to exercise a corporate franchise under the Letters Patent mentioned. It is competent for the State to prescribe the condition under which individuals may acquire and exercise such a franchise in the first instance. It is also competent for the State to alter those conditions from time to time, or to ratify a previous grant of a franchise, so long as constitutional guaranties are not violated. The State having raised no objection to the exercise of the corporate franchise in question, other than the objection that two of the four incorporators of said corporation were married women, and that obstacle having been removed, as between the State and the respondents, by the statute aforesaid, the information must be, and the same is hereby dismissed.

See Taggart v. James, 74 Mich. 733.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.

BUFORD, J,. disqualified.