TOWNSHIP OF WARREN *v.* RAYMOND.

1. INJUNCTION—EQUITY—JURISDICTION—CRIMINAL ACTS.

While generally a court of equity has not the power to restrain violation of a criminal statute or ordinance, where the facts form a basis for equitable relief, the jurisdiction of the court is not destroyed by the fact that a criminal act will be restrained.

2. NUISANCE—INJUNCTION—EQUITY—JURISDICTION.

A court of equity has power to interfere by injunction in cases of public nuisance.

3. EQUITY—JURISDICTION.

The jurisdiction of a court of equity to enjoin interferences with property rights is not destroyed by the fact that they are accompanied by or are violations of the criminal law.

4. NUISANCE—WRECKING AUTOMOBILES—SALVAGING PARTS.

The business of wrecking automobiles and salvaging parts is not a public or private nuisance *per se.*

5. INJUNCTION—JUNK YARD—AUTOMOBILE WRECKING PLANT.

Equity court is without jurisdiction to enforce by injunction an ordinance requiring license to operate junk yard and automobile wrecking plant and providing fine and imprisonment for violation, where pleadings do not allege a public nuisance calling for injunctive relief.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—LACK OF JURISDICTION.

The question of lack of jurisdiction is open on appeal notwithstanding it was not raised in the trial court.

7. SAME—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.

Constitutionality of township ordinance for licensing junk yards is not decided on appeal from decree enjoining operation of a junk yard in suit by the township where court was without authority to enforce the ordinance by way of injunction.

8. SAME—QUESTIONS REVIEWABLE—CONSTITUTIONAL LAW.
    Constitutional questions will not be passed upon where other
    questions are raised which dispose of the case.

Appeal from Macomb; Spier (James E.), J. Submitted October 4, 1939. (Docket No. 27, Calendar No. 40,247.) Decided December 19, 1939.

Bill by Township of Warren, a municipal corporation, against William Raymond to restrain the operation of a junk yard in violation of a township ordinance. Decree for plaintiff. Defendant appeals. Reversed and bill dismissed.

*Charles A. Retzlaff,* for plaintiff.

*Irving W. Goldsmith (Harry Holden MacCord,* of counsel), for defendant.

NORTH, J. Prior to April, 1936, William Raymond established in its present location in Warren township, Macomb county, his business as a dealer in used automobile parts. A township ordinance which became effective March 6, 1937, provided that a license required to conduct a business of this nature would only be issued or reissued to an applicant upon the annual written consent of a majority of the property owners surrounding the premises to be used within a 500-foot radius; and the ordinance further provided a fine and/or imprisonment for its violation. It contains no provision for its enforcement by injunction.

The township filed a bill of complaint in the circuit court of Macomb county, in chancery, alleging the defendant was conducting his business without having obtained a license and with the apparent intent of not obtaining a license, all in violation of

the ordinance. The relief sought was an injunction against defendant's continuing to operate his business. In his answer defendant admitted he was "operating a junk yard and automobile wrecking plant," within the township. Admittedly he is doing so without having obtained a license. He testified he applied for a license and was ready and willing to pay the license fee. His application was denied apparently for the reason that he did not have the required written consent of surrounding property owners.

The primary issue is: Has an equity court power to enforce this ordinance by injunction? The general rule as established by authorities is that a court of equity has not the power to restrain violation of a criminal statute or ordinance; but where the facts form a basis for equitable relief, the jurisdiction of the court is not destroyed by the fact that a criminal act will be restrained. *Village of St. Johns* v. *McFarlan,* 33 Mich. 72 (20 Am. Rep. 671); *Conway* v. *Gampel,* 235 Mich. 511; and *Glover* v. *Malloska,* 238 Mich. 216 (52 A. L. R. 77). See, also, 32 C. J. pp. 275–279. As was said in *Grand Rapids Board of Health* v. *Vink,* 184 Mich. 688, 696, where the headnotes were cited from *In re Debs,* 158 U. S. 564 (15 Sup. Ct. 900):

"A court of equity has power to interfere by injunction in cases of public nuisance.

"The jurisdiction of a court of equity to enjoin interferences with property rights is not destroyed by the fact that they are accompanied by or are violations of the criminal law." [*]

The business of wrecking automobiles and of salvaging parts is not a public or private nuisance *per. se.*  *Perry Mount Park Cemetery Ass'n* v. *Net-*

---

[*] Headnotes from 39 L. Ed. 1092.—REPORTER.

*zel,* 274 Mich. 97; *Netzel* v. *Township Board of Waterford Township,* 267 Mich. 220.   In this case the pleadings do not allege a public nuisance calling for injunctive relief.   In the absence of such an issue the equity court is without jurisdiction to enforce the ordinance by injunction.   The question of lack of jurisdiction is open on appeal notwithstanding it was not raised in the trial court.   *Warner* v. *Noble,* 286 Mich. 654.

Appellants also raise the question of the constitutionality of this ordinance.   Since the lack of jurisdiction of the lower court to grant injunction is decisive in this suit we will not decide the constitutionality of the ordinance.   This Court has repeatedly held that constitutional questions will not be passed upon where other questions are raised which dispose of the case.   *Smith* v. *Curran,* 267 Mich. 413 (94 A. L. R. 766); *Stewart* v. *Algonac Savings Bank,* 263 Mich. 272; *Brown* v. *Hill,* 216 Mich. 520; *North Michigan Water Co.* v. *City of Escanaba,* 199 Mich. 286; *People* v. *Quider,* 172 Mich. 280, and authorities therein cited.

The decree of the circuit court will be reversed and the bill of complaint dismissed, with costs of both courts to appellant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.