PEOPLE v BRICKER

OPINION OF THE COURT

1. ABORTION—CONSTITUTIONAL LAW—NON-PHYSICIANS—STATE INTER-
EST.

> There is sufficient state interest in both the protection of the
> health of a pregnant woman and the protection of society as a
> whole from the practice of medicine by persons not licensed as
> physicians to justify application of the abortion statute to those
> abortions performed by non-physicians (MCLA 750.14).

2. ABORTION—CONSTITUTIONAL LAW—VAGUENESS.

> The abortion statute is not vague in the constitutional sense
> (MCLA 750.14).

3. ABORTION—CONSTITUTIONAL LAW—BURDEN OF PROOF.

> The last sentence of the abortion statute, which shifts the burden
> of proof as to the necessity of an abortion to the defendant, is
> constitutionally impermissible and therefore of no effect (MCLA
> 750.14).

DISSENT IN PART BY T. M. BURNS, J.

4. APPEAL AND ERROR—CONSTITUTIONAL LAW—JUDICIAL POLICY.

> *Constitutional questions will not be decided unless such determi-*
> *nation is necessary for adjudication of the case under consider-*
> *ation.*

5. ABORTION—DEFENSES—NECESSITY—LEGISLATIVE INTENT.

> *The Legislature intended that the statutorily provided defense of*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Abortion § 9.
[2] (no reference).
[3] 1 Am Jur 2d, Abortion §§ 9, 18, 20.
[4] 4 Am Jur 2d, Appeal and Error §§ 13, 14.
[5] (no reference).
[6] 1 Am Jur 2d, Abortion §§ 4, 9, 18.
[7] 1 Am Jur 2d, Abortion § 19 *et seq.*

*necessity to justify performing an abortion be available only to physicians (MCLA 750.14).*

6. ABORTION—DEFENSES—NECESSITY—CONSTITUTIONAL LAW.

*The question of constitutionality of the provision in the abortion statute that it shall not be necessary for the prosecution to prove that no necessity for the abortion existed need not be reached in reviewing the conviction of a layman to whom the defense of necessity is not available in any circumstances (MCLA 750.14).*

7. ABORTION—CONSTITUTIONAL LAW—BURDEN OF PROOF.

*The language of the abortion statute does not shift the burden of proof to a defendant but merely clarifies that necessity is a defense to a charge of abortion which must be proven by the defendant rather than the lack of such necessity being an element of the crime which must be shown by the prosecution (MCLA 750.14).*

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 February 3, 1972, at Lansing. (Docket No. 12114.) Decided August 23, 1972. Leave to appeal granted, 388 Mich 788.

Samuel Bricker was convicted of conspiracy to commit abortion. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *William G. Wolfram,* Assistant Prosecuting Attorney, for the people.

*I. Goodman Cohen* (by *Michael S. Friedman),* for defendant.

Before: DANHOF, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The defendant was found

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

guilty by a jury of conspiracy[1] to commit an abortion.[2] He filed a motion for a new trial, which was denied, and thereafter brought this appeal.

Defendant claims that the Michigan abortion statute, MCLA 750.14; MSA 28.204, is unconstitutional in that it deprives the woman upon whom the abortion is performed of certain constitutionally guaranteed rights, and that the statute is vague in the constitutional sense. Further, defendant argues that the language in the statute which relieves from the prosecution the burden to prove that the operation was not necessary for the preservation of the woman's life thereby impermissibly shifts the burden of proof to the defendant.

At the outset we must note that defendant is not, and was not, a licensed physician. The question thus confronting us is whether there is a sufficient state interest with regard to the health and safety of the woman to continue to justify application of the present Michigan abortion statute as applied to induced abortions performed by non-physicians. We have little difficulty in holding that there still remains a sufficient state interest to justify a criminal abortion statute as it applies to non-physicians. There can be little doubt that the state's interest in making medical care by an unlicensed person a criminal act is sufficient to overcome any assertion that the woman has the "right" to seek such medical care (if "medical care" is the appropriate term for the type of unskilled butchery so often practiced by these persons) from anyone she so desires. We therefore hold that MCLA 750.14, *supra,* is a valid exercise of the state's power insofar as it applies to persons not licensed to practice medicine in this state.[3]

---

[1] MCLA 750.157a; MSA 28.354(1)

[2] MCLA 750.14; MSA 28.204

[3] At least one court has held that a non-physician does not even

The assertion that the statute is vague in the constitutional sense is without merit. The United States Supreme Court held that the similarly worded District of Columbia statute was not vague. *United States v Vuitch,* 402 US 62; 91 S Ct 1294; 28 L Ed 2d 601 (1971).

We must also address ourselves to the question raised by the defendant Bricker with regard to the burden of proof problem. At issue is whether MCLA 750.14, *supra,* improperly shifts the burden of proof to the defendant by the language which provides:

"In any prosecution under this section, it shall not be necessary for the prosecution to prove that no such necessity existed."[4]

Clearly this language does shift the burden of proof as to the necessity of the abortion to the defendant. It is equally clear that such a shifting of the burden of proof is constitutionally impermissible. *United States v Vuitch, supra.*[5]

have standing to assert the rights of either the woman or a physician. See *Lashley v State,* 10 Md App 136; 268 A2d 502 (1970).

[4] Apparently Michigan is the only state to have such a statutory provision in its abortion statute. See the committee comment to the Michigan Revised Criminal Code, § 7015 (final draft, 1967).

[5] The Court stated:

"Certainly a statute that outlawed only a limited category of abortions but 'presumed' guilt whenever the mere fact of abortion was established, would at the very least present serious constitutional problems under this Court's previous decision interpreting the Fifth Amendment. *Tot v United States,* 319 US 463 [63 S Ct 1241; 87 L Ed 1519 (1943)]; *Leary v United States,* 395 US 6, 36 [89 S Ct 1532, 1548; 23 L Ed 2d 57, 82 (1969)].

\* \* \*

"It would be highly anomalous for a legislature to authorize abortions necessary for life or health and then to demand that a doctor, upon pain of one to ten years' imprisonment, bear the burden of proving that an abortion he performed fell within that category. Placing such a burden of proof on a doctor would be peculiarly inconsistent with society's notions of the responsibilities of the medical profession. Generally, doctors are encouraged by society's expecta-

While the statute attempts impermissibly to shift the burden of proof, it is of no avail to defendant Bricker. Our review of the record discloses that the prosecution did carry its burden of proof with regard to the lack of necessity.[6] Since defendant Bricker's other assignments of error are without merit, we affirm his conviction.

So that there will be no question as to the scope of the holding of this case, let us briefly delineate the scope of this opinion.

1. There is a sufficient state interest in both the protection of the health and safety of a pregnant woman and the protection of the society as a whole from the practice of medicine by persons not licensed as physicians to justify continued application of the abortion statute to those abortions performed by non-physicians.

2. The statute is not vague in the constitutional sense.

3. The last sentence of the statute is clearly unconstitutional in that it impermissibly shifts the burden of proof to the defendant. Said language is void and of no effect, and the prosecution must prove the lack of necessity in every abortion prosecution.

Affirmed.

DANHOF, P. J., concurred.

tions, by the strictures of malpractice law and by their own professional standards to give their patients such treatment as is necessary to preserve their health. We are unable to believe that Congress intended that a physician be required to prove his innocence." *United States v Vuitch,* 402 US at 70–71; 91 S Ct at 1298–1299; 28 L Ed 2d at 608–609. We hold that the clear thrust of the *Vuitch* language clearly controls, notwithstanding the possible contrary conclusion which might be drawn from *People v Southwick,* 272 Mich 258 (1935).

[6] The record shows that the woman upon whom defendant was going to commit the abortion gave birth to a healthy, full-term baby. There could be no more conclusive proof that the abortion was not necessary to preserve the woman's life.

T. M. BURNS, J. *(concurring in result; dissenting in part).* I concur in the majority's affirmance of defendant's conviction of the crime of abortion. I also concur in the majority holding that there still remains a sufficient state interest to justify the existence of a criminal abortion statute as it applies to non-physicians.

However, I cannot agree that there was any need or compelling reason in this case for reaching the constitutional question to which the majority has gratuitously held that the language of the abortion statute results in an unconstitutional shifting of the burden of proof.

An appellate court will not decide constitutional questions unless such determination is necessary for adjudication and essential to the complete disposition of the case under consideration. *Stanek v Secretary of State,* 33 Mich App 527 (1971); *Warren Twp v Raymond,* 291 Mich 426 (1939).

In the case at bar, no such determination is necessary. The statute provides that abortion shall be a felony "unless the same shall have been necessary to preserve the life of such woman". It further provides that "In any prosecution under this section, it shall not be necessary for the prosecution to prove that no such necessity existed".

I cannot believe that it was the legislative intent to permit a person not licensed to practice medicine and surgery to justify an illegal abortion by resort to a defense of necessity. It appears clear that the defense of necessity is available only to physicians and that under no circumstances is such defense available to a layman. A failure by the prosecution to prove lack of necessity would have availed defendant nothing in this case. Furthermore, the affirmative proof by the layman

defendant that the abortion was necessary to save the life of the pregnant woman could not have barred conviction.

Therefore, any question as to the shifting of the burden of proof of necessity is of no consequence in this case.

The majority's reliance on *United States v Vuitch,* 402 US 62; 91 S Ct 1294; 28 L Ed 2d 601 (1971), is misplaced inasmuch as defendant in that case was a licensed physician.

The foregoing being evident, I am convinced that the majority's holding of unconstitutionality is unnecessary, unwarranted, and erroneous. This being true, their holding that MCLA 750.14 unconstitutionally shifts the burden of proof constitutes nothing more than *obiter dictum.*

Furthermore, it appears, at least superficially, that necessity is a defense to a charge of abortion which must, in any event, be proven by the defense rather than an element of the crime, the lack of which must be shown by the prosecution. The language in question is merely clarifying. If such is true, there is no shifting of the burden of proof and therefore no unconstitutionality.

However, resolution of this question is better preserved for a more propitious time. As was stated by my Brother DANHOF, one of the majority herein, in his recent dissenting opinion in *People v East Lansing Judge,* 42 Mich App 32 (1972):

"My decision herein should not be mistaken as an endorsement of the *obiter dictum* expounded by the majority. If and when the proper case comes before this writer, I shall set forth my views on the powers and duties of the district court regarding preliminary examinations."

Obviously, the holding of unconstitutionality by the majority in this case is *obiter dictum* and has no precedential value.