*In re* FJERSTAD ESTATE

BESEMER v ESTATE OF FJERSTAD

1. CONSTITUTIONAL LAW—JUDICIAL POLICY.

The courts favor resolving an issue without reference to the question of whether the Legislature, has exceeded its constitutional authority where such a method of resolution is possible.

2. EXECUTORS AND ADMINISTRATORS—HEARING ON CLAIMS—NOTICE—STATUTES.

A conclusion as a matter of law that notice of a hearing on claims against a decedent's estate need not have been given to plaintiffs who had a claim for damages against the estate was error since the "interested persons" to whom the statute requires giving of notice must be read to mean anyone who has a claim against the estate (MCLA 701.32, 708.2).

3. EXECUTORS AND ADMINISTRATORS—HEARING ON CLAIMS—NOTICE—DILIGENCE.

The question whether a fiduciary was relieved of his duty to provide actual notice of the hearing on claims to plaintiffs, who were interested persons to whom the statute requires giving of such notice, because plaintiffs' address was unknown and could not be ascertained by an exercise of reasonable diligence could only be resolved by the probate court after taking proofs as to the question of reasonable diligence (MCLA 701.32, 708.2).

4. EXECUTORS AND ADMINISTRATORS—HEARING ON CLAIMS—NOTICE—CLOSING ESTATE.

An estate cannot properly be closed with respect to the claim of plaintiffs and thereby bar their recovery where the plaintiffs were entitled to actual notice of a hearing on claims but . received none (MCLA 701.32).

Appeal from Saginaw, Eugene Snow Huff, J.

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law §§ 160–171, 225, 226.
[2] 31 Am Jur 2d, Executors and Administrators, § 297.
[3, 4] 31 Am Jur 2d, Executors and Administrators, §§ 294–297.

Submitted Division 3 December 6, 1972, at Grand Rapids. (Docket No. 11043.) Decided May 22, 1973.

Clara K. Besemer and Gordon L. Besemer filed a petition in Saginaw County Probate Court to re-open the estate of Mervina G. Fjerstad, deceased, and for the appointment of an administratrix *de bonis non* to permit plaintiffs to commence a lawsuit against the estate for damages resulting from the decedent's negligence. Petition denied. Plaintiffs appealed to circuit court. Affirmed. Plaintiffs appeal by leave granted. Reversed and remanded to the probate court with instructions.

*Joseph J. Trogan,* for plaintiffs.

*Smith & Brooker, P. C.* (by *Francis B. Drinan)* for H. Norman Fjerstad and Insurance Company of North America.

Before: T. M. BURNS, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The facts in this case are not in dispute. On February 21, 1967, decedent Mervina G. Fjerstad was the owner and operator of the Bridgeport Giant Wash Laundry. Plaintiff Clara K. Besemer claims she was injured at the above mentioned business on that date; said injuries allegedly arising out of decedent's negligence in clearing a certain patch of ice outside the business. Plaintiff further alleges that decedent's husband, who was the manager and operator of the business, was present on the premises when plaintiff was injured, and he had knowledge of plaintiff's injuries. It is further asserted that dece-

_____

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dent's insurance carrier investigated the accident and obtained a statement from plaintiff Clara K. Besemer.

Decedent died on October 2, 1967. Decedent's son, H. Norman Fjerstad, was appointed administrator of decedent's estate in February 1968. The hearing on claims was scheduled and closed in May 1968. The estate was eventually closed on December 31, 1968. At no time was actual notice of decedent's death mailed or given to plaintiffs or their attorney; nor was notice to prove claims served upon plaintiffs. On February 14, 1969, suit was commenced on behalf of plaintiff Clara K. Besemer, and on February 18, 1969, suit was commenced on behalf of plaintiff Gordon L. Besemer. Service of the summons and complaint upon Mrs. Fjerstad was, of course, unsuccessful by reason of her death. When plaintiffs' attorney was finally apprised of the fact of Mrs. Fjerstad's death, he filed a petition to reopen the estate and for the appointment of an administrator *de bonis non.*

Among plaintiffs' arguments before the probate court was the assertion that the estate was not properly closed because of the failure to provide proper notice to plaintiffs. Plaintiffs asserted that they were "interested parties" within the meaning of MCLA 701.32; MSA 27.3178(32). The probate court held that the required notices had been given and the estate was properly closed; therefore, since the claim came more than three months after the estate had been closed, it did not come within the scope of MCLA 701.19(6); MSA 27.3178(19)(6), and was thus barred by MCLA 704.56; MSA 27.3178(307). Plaintiffs appealed to circuit court. The circuit court eventually affirmed the order of the probate court dismissing plaintiffs'

petition to reopen the estate. Plaintiffs sought leave to appeal to this Court. This Court granted leave to appeal on the limited question of the constitutionality of MCLA 704.56; MSA 27.3178(307).

Upon further reflection and research we find that it is unnecessary to pass upon the question of what is proper notice in the constitutional sense, since it is clear that the statutory mandate was not complied with herein. Where it is possible to resolve an issue without reference to the question of whether the Legislature has exceeded its constitutional authority, such a method of resolution is favored by the courts of this state. See *Warren Twp v Raymond,* 291 Mich 426, 429 (1939); *Stanek v Secretary of State,* 33 Mich App 527, 530 (1971).

It would appear from the somewhat sketchy record before us that both the probate court and the circuit court determined that as a matter of law there was no duty to mail a copy of the published notice to plaintiffs pursuant to MCLA 701.32; MSA 27.3178(32). Plaintiffs argued that they were "interested persons" within the meaning of that statute. Both the probate court and the circuit court apparently decided that plaintiffs were not "interested persons" within the meaning of the statute, and thus actual notice need not be sent to them. This was erroneous.

MCLA 708.2; MSA 27.3178(412) provides that once the date for filing claims and the hearing on the claims is fixed, "the court shall forthwith cause notice to prove claims and of the hearing thereon to be given by publication as provided in sections 32 to 35 of chapter 1 of this act". Section 32 of chapter 1 of the act is the above mentioned MCLA 701.32; MSA 27.3178(32). When MCLA 708.2, *supra,* is read in conjunction with MCLA

701.32, *supra,* it is obvious that the term "interested persons" must be read to mean anyone who has a claim against the estate. It was therefore erroneous to conclude as a matter of law that notice need not have been given to plaintiffs. While plaintiffs failed to point out the provisions of MCLA 708.2, *supra,* to either the probate or circuit court, those courts, like this Court, are bound to take judicial notice of public statutes. *Roe v Flamegas Industrial Corp,* 16 Mich App 210 (1969); *Taggart, ex rel Jackson v James,* 74 Mich 733 (1889); *Chapman v Colby Brothers & Co,* 47 Mich 46 (1881).

The question still remains whether plaintiffs fall into the exception to the requirement that actual notice by registered or certified mail must be given to interested persons. MCLA 701.32 *supra,* clearly relieves the fiduciary of the duty of providing actual notice where "the names or addresses of such interested persons are unknown and cannot be ascertained by the exercise of reasonable diligence". It being clear that plaintiffs are interested persons who are thereby entitled to notice, it is incumbent upon the fiduciary to show that plaintiffs' address was unknown and could not be ascertained by an exercise of reasonable diligence. This is a question which could only be resolved by the probate court after taking proofs as to the question of reasonable diligence.

The orders of both the probate court and the circuit court are reversed, and the cause is remanded to the probate court. If the fiduciary asserts that the address of plaintiffs was unknown to him, the probate court shall determine whether said address could have been ascertained by the exercise of reasonable diligence. If it is determined that plaintiffs' address was known or could have

been ascertained by an exercise of reasonable diligence, then plaintiffs were entitled to actual notice by registered or certified mail pursuant to MCLA 701.32, *supra.* If plaintiffs were entitled to actual notice, but received none, the estate could not be properly closed with respect to their claim and thereby bar their recovery. See *Scholten v Scholten,* 238 Mich 679 (1927). Under those circumstances the administration of the estate would not be complete and the probate court should "cause the same to be reopened * * * to complete the administration of the same in case said estate was closed without being fully administered by the fiduciary or court". MCLA 704.56, *supra.*

Reversed and remanded to the probate court for proceedings not inconsistent with this opinion. Costs to abide the final result.

All concurred.