PEOPLE v NIXON (ON REMAND)

Abortion—Physicians and Surgeons—Statutes.
 The criminal abortion statute does not apply to abortions in the
 first trimester of a pregnancy where authorized by a pregnant
 woman's attending physician in exercise of his medical judg-
 ment; therefore, a licensed physician's conviction of performing
 an abortion within the first trimester is reversed (MCLA
 750.14).

Appeal from Bay, John X. Theiler, J. Submitted
Division 2 February 3, 1972, at Lansing. (Docket
No. 9579.) Decided September 27, 1973.

Robert S. Nixon was convicted of abortion. De-
fendant appealed. Affirmed, 42 Mich App 332. The
defendant appealed by leave granted to the Michi-
gan Supreme Court which remanded the case to
the Court of Appeals with instructions, 389 Mich
809. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Eugene C. Pen-
zien,* Prosecuting Attorney, for the people.

*Denfield, Timmer & Seelye* (by *Clifford W. Tay-
lor),* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and VAN
VALKENBURG,* JJ.

Reference for Points in Headnote
1 Am Jur 2d, Abortion §§ 9, 18, 20.
* Circuit judge, sitting on the Court of Appeals by assignment.

ON REMAND

PER CURIAM. Defendant, a licensed physician, was found guilty by a jury of the felony of abortion contrary to MCLA 750.14; MSA 28.204. Defendant appealed to this Court and his conviction was affirmed. See 42 Mich App 332; 201 NW2d 635 (1972). Thereafter the Supreme Court assumed jurisdiction over this case and the companion case *People v Bricker,* 42 Mich App 352; 201 NW2d 647 (1972). On June 20, 1973, the Supreme Court, after having rendered a decision in *Bricker,* remanded this case to this Court "for disposition not inconsistent with the dispositions ordered by this Court [the Supreme Court] in *Larkin v Wayne Prosecutor (Beebe v Wayne Prosecutor),* 389 Mich 533 [208 NW2d 176] (6-18-73) and *People v Bricker,* 389 Mich 524 [208 NW2d 172] (6-18-73)". 389 Mich 809, 810.

The Court in *People v Bricker,* 389 Mich 524, 527, 529–530; 208 NW2d 174, 175 (1973), held:

"Under the Supremacy Clause we are bound by the decisions of the United States Supreme Court in *Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973), and other cases. Under the principles enunciated therein, our criminal abortion statute (MCLA 750.14; MSA 28.204) cannot stand as relating to abortions in the first trimester of a pregnancy as authorized by the pregnant woman's attending physician in exercise of his medical judgment."

\* \* \*

"In light of the declared public policy of this state and the changed circumstances resulting from the Federal constitutional doctrine elucidated in *Roe* and *Doe [Doe v Bolton,* 410 US 179; 93 S Ct 739; 35 L Ed 2d 201 (1973)], we construe § 14 of the penal code to mean that the prohibition of this section shall not apply to 'miscarriages' authorized by a pregnant woman's attending

physician in the exercise of his medical judgment; the effectuation of the decision to abort is also left to the physician's judgment; however, a physician may not cause a miscarriage after viability except where necessary, in his medical judgment, to preserve the life or health of the mother."

Our review of the lower court record reveals that defendant performed the abortion within the first trimester of pregnancy. On the authority of the Supreme Court's holding in *Bricker* we are compelled to reverse and discharge defendant.

Reversed.