RYAN v ORE LAKE

1. APPEAL AND ERROR—GROUNDS OF DECISION.

Appellate courts will not reach constitutional questions when the case under consideration can fairly be disposed of on other grounds.

2. TRIAL—CONCLUSIONS OF LAW—CONSTITUTIONAL LAW—FINDINGS—RESORT PROPERTY.

A finding by a trial court that the summer resort corporation act is unconstitutional because of vagueness was premature where disposition of the plaintiff property owners' allegations that their property was not of the type which could be brought under the jurisdiction of a resort owners corporation could well have rendered unnecessary any decision on the constitutionality of the act but such a disposition was never made (MCLA 455.201 *et seq.*)

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 June 11, 1974, at Lansing. (Docket No. 18626.) Decided October 9, 1974.

Complaint by James Ryan and others against Ore Lake, a summer resort corporation, to void assessments and liens against the plaintiffs' property. Summary judgment for plaintiffs. Defendant appeals. Judgment vacated and remanded for further proceedings.

*Dale E. Cooper,* for plaintiffs.

*Donald B. Severance,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 13, 14, 702, 873, 874.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. Defendant, Ore Lake, appeals from a decision of the Livingston County Circuit Court wherein the summer resort owners corporation act (MCLA 455.201 *et seq.;* MSA 21.751 *et seq.)* was declared unconstitutional by reason of its extreme vagueness.

On August 19, 1944, the owners of several parcels of property in a certain part of Livingston County filed articles of incorporation as a summer resort owners corporation under the above statute. This new corporation was denominated "Ore Lake" and embraced lands in several subdivisions in the area including a subdivision known as Ore Lake Little Farms. Two years later an election was called by the board· of trustees, pursuant to the provisions of MCLA 455.206; MSA 21.756, to determine whether all of the property within these subdivisions and the adjacent lands should be incorporated. Notice of the election was given using the words of MCLA 455.206c; MSA 21.756(3) to describe those eligible to vote. On August 24, 1946, the election was held and the full incorporation measure was passed. Thereafter all owners of property in the area were deemed to be members of the corporation and liable for the payment of dues and assessments.

On May 24, 1971, plaintiffs, all property owners in Ore Lake Little Farms, brought an action against the summer resort corporation, Ore Lake, seeking to void all assessments and liens against their properties and requesting an injunction restraining defendant corporation from enforcing the same. By their complaint, plaintiffs alleged consti-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tutional deficiencies in the 1946 election and raised additional constitutional and non-constitutional objections to defendant's exercise of jurisdiction over their property. Plaintiffs did not, however, argue that the above statute was unconstitutionally vague. Defendant answered plaintiffs' complaint denying the material allegations thereof, counterclaimed for amounts owing on dues and assessments and sought $50,000 for malicious prosecution and slander.

On September 7, 1971, plaintiffs filed a motion for summary judgment alleging there was no genuine issue as to any material fact. GCR 1963, 117.2(3).[1] Defendant filed an affidavit and brief in opposition to the motion. On May 5, 1972, the trial judge filed his opinion granting plaintiffs' motion and declaring the 1946 election invalid. The trial judge, by order, declared the jurisdiction, control and authority of Ore Lake over plaintiffs to be null and void, declared all assessments and liens on plaintiffs' property to be null and void and ordered Ore Lake to cease and desist from maintaining or exercising any jurisdiction over plaintiffs or their property. The trial judge's decision in this regard was based on the decision of our Supreme Court in *Baldwin v North Shore Estates Association,* 384 Mich 42; 179 NW2d 398 (1970), wherein it was held that the voter eligibility provisions of MCLA 455.206c; MSA 21.756(3) were violative of the equal protection clauses of the Michigan and Federal Constitutions.

Immediately following this judgment, defendant's board of trustees called for a new election to be held on July 15, 1972, in a manner consistent with their interpretation of *Baldwin v North*

---

[1] Plaintiffs' motion in this regard was supported by affidavit as required by GCR 1963, 117.3. *See DeMare Brothers Construction Co, Inc, v Teska,* 49 Mich App 642; 212 NW2d 602 (1973).

*Shore Estates, supra.* All freeholders in the described area were notified to register and vote in the election. After publication of this notice, plaintiffs filed a motion for a temporary injunction and permanent restraining order against the election.

In support of their motion, plaintiffs relied on the earlier decision rendered by the court. They also alleged that the act specified certain conditions which must be met for a landowner to be eligible for membership in such a corporation and that they did not fall within those terms. Specifically, plaintiffs argued that the act requires that those eligible for membership be freeholders of land and that the land be contiguous to the resort community in which the corporation is organized or reasonably adjacent to the resort community so as to be benefitted by membership therein. Plaintiffs alleged that they did not fall within these terms. They maintained that their subdivision, Ore Lake Little Farms, was "separate and distinct" from the other subdivisions incorporated in Ore Lake and, further, that they could not be benefitted by membership therein. Plaintiffs further argued that MCLA 455.206; MSA 21.756, the provision authorizing such elections, was unconstitutionally vague and that, therefore, no election could, constitutionally, be ˙conducted pursuant to its terms.

On June 30, 1972, plaintiffs and defendant appeared in court to argue the motion as filed. A conference was held in chambers between the trial judge and the attorneys representing both sides. Following this conference, the court ordered the election to proceed but stayed the implementation of the results of the election and also ordered the parties on each side to submit briefs on the constitutionality of the entire statute.

On January 16, 1973, after the parties had filed their respective briefs, the trial judge rendered a decision whereby he declared the entire act unconstitutional by reason of its severe vagueness. After judgment was entered defendant filed a motion for a new trial and a motion for findings of fact and conclusions of law in accordance with GCR 1963, 517. The motion for new trial was denied on April 9, 1973, and a new opinion, setting forth findings of fact and conclusions of law, was filed on September 12, 1973. It is from this decision that defendant now appeals.

The constitutionality of the statute with which we are here concerned was placed in serious doubt by our Supreme Court in *Baldwin v North Shore Estates, supra.* Our Supreme Court there discussed the vagueness problems of MCLA 455.201 *et seq.;* MSA 21.751 *et seq.* in the following terms:

"Before turning to discussion of the meaning and constitutionality of the weekend residency requirement, we note that the entire act borders on unconstitutionality by reason of its vagueness. This is so primarily because several of its basic terms—'resided weekends', 'summer resort', 'resort community', 'summer resort owners'—are neither explicitly nor implicitly defined by any provisions of the act. However, because of the presumption of statutory validity, because the vagueness issue has not been squarely briefed and argued in this case, and because we are able to make a less sweeping disposition of this case, we do not now discuss the vagueness question."[2]

While we also recognize the serious problems created by the vague terms contained within this act, we should not, because of this fact, ignore the principles which guide appellate courts of this state in deciding cases where the constitutionality

---

[2] 384 Mich at 49–50; 179 NW2d at 401–402. (Footnote omitted).

of acts passed by the Legislature are presented for determination.

It has repeatedly been asserted that the appellate courts of this state will not reach constitutional questions when the case under consideration can fairly be disposed of on other grounds. *Township of Warren v Raymond,* 291 Mich 426; 289 NW 201 (1939); *In re Fjerstad Estate,* 47 Mich App 100; 209 NW2d 302 (1973); *Stanek v Secretary of State,* 33 Mich App 527; 190 NW2d 288 (1971). This policy is firmly imbedded in the jurisprudence of our state and is not to be lightly disregarded.

In the case at bar possibilities of alternative dispositions are presented but we are unable to assess their validity in light of the present state of the record which, as we shall explain, is inadequate.

MCLA 455.206; MSA 21.756, when fairly read, sets forth certain conditions with respect to the types of lands which may be brought within the jurisdiction of such a corporation. This section specifies that the land be within the county of the corporation's organization and be contiguous to the resort community in which the corporation is organized or reasonably adjacent to the resort community so as to be benefitted by membership therein. If the lands are so situated and if the trustees of the corporation determine that the lands are sufficiently identified with the common interests of the other lands under the corporation's jurisdiction then they may, by election if necessary, be brought under the jurisdiction of such a corporation. The plaintiffs herein, recognizing these conditions, alleged in their motion for permanent restraining order and permanent injunction that the lands contained in Ore Lake Little Farms subdivision were separate and distinct from the other subdivi-

sions incorporated in Ore Lake and that they could not be benefitted by membership therein. By these allegations plaintiffs alleged that their lands do not fall within those types of land permitted by MCLA 455.206; MSA 21.756 to be brought under the jurisdiction of this corporation. Because of the manner in which the trial judge disposed of this case, however, we are unable to determine whether the facts bear out these allegations. No hearing to determine the accuracy of these allegations was held below and the trial judge made no findings as to their validity or invalidity. As far as we can tell from the record presently before us no determination as to these claims was ever made.

In the action below plaintiffs alleged that their lands did not fall within those types of lands which could, under the statute, be brought under the jurisdiction of Ore Lake. Since a disposition of these claims could well have rendered unnecessary any decision as to the constitutionality of the act, we find that the trial judge acted prematurely in reaching the constitutional issue presented. We therefore vacate the decision of the lower court and remand the case for a full hearing as to whether plaintiffs lands can, by election, be brought under the jurisdiction of Ore Lake. If, after such hearing, the trial judge finds it necessary to reach the constitutional question, consideration should be given to the question of whether a decision solely as to the constitutionality of MCLA 455.206; MSA 21.756 could, under the severability provisions of MCLA 8.5; MSA 2.216, validly be made and be sufficient to dispose of the case.

Judgment vacated; case remanded.

This Court retains no further jurisdiction.

All concurred.