LICHTMAN v CITY OF DETROIT

1. APPEAL AND ERROR—CONSTITUTIONAL QUESTIONS.

Appellate courts will not reach constitutional questions where the case under consideration can fairly be disposed of on other grounds.

2. CONSTITUTIONAL LAW—CONSTITUTIONAL QUESTIONS—LEGISLATION—CONSTRUCTION.

A fair construction of legislation that permits serious constitutional questions to be avoided is preferred.

3. MUNICIPAL CORPORATIONS—ORDINANCES—GAS STATIONS.

A plain reading of a city ordinance which applies to the "owner of any gas station" or to a "person in authority, employee or attendant, at any gas station" excludes from the coverage of the ordinance the president of an oil company which owns several gas stations (Detroit City Code, § 67-5-9).

4. COURTS—CONSTITUTIONAL LAW—CONSTITUTIONAL QUESTIONS—NONCONSTITUTIONAL GROUNDS FOR DECISION.

A court should reach a decision on nonconstitutional grounds where possible, even though those grounds are not raised by the parties.

Appeal from Wayne, Charles Kaufman, J. Submitted December 16, 1976, at Detroit. (Docket No. 27548.) Decided May 17, 1977.

Complaint by Frederick Lichtman against the City of Detroit for a declaratory judgment seeking to have a Detroit ordinance declared unconstitutional as applied to the plaintiff. Judgment for

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 5 Am Jur 2d, Appeal and Error § 873.

[2, 3] 16 Am Jur 2d, Constitutional Law § 144 *et seq.*

[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 361 *et seq.*

plaintiff. Defendant appeals. Judgment vacated, and remanded.

*Merrill, Tatham & Rosati,* for plaintiff.

*Kermit G. Bailer,* Corporation Counsel, and *Michael Hurvitz,* Assistant Corporation Counsel, for defendant.

Amicus Curiae: Service Station Dealers Association of Michigan (by *Fieger, Golden & Cousens).*

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant City of Detroit served plaintiff with a citation charging him with a violation of § 67-5-9 of chapter 67, article 5 of the code of the City of Detroit. That section reads:

"Except when in the actual process of delivering motor fuel from a retail motor fuel device, it shall be unlawful for any owner, manager, operator or supervisor of, or any person in authority, employee or attendant at, any gas station or other outlet or enterprise engaged in the retail sale of motor fuel from a retail motor fuel device either by himself or by his agent, employee or servant to maintain or permit any person to maintain a retail motor fuel device the discharge nozzle of which is maintained in any manner or fashion other than by it being hung in its designed hanging position with the starting lever in its shut-off position and the zero-set back-interlock engaged."

Elsewhere the ordinance defines "permit" to mean "to allow" or "to fail to prevent". Plaintiff brought this action in Wayne County Circuit Court to have § 67-5-9 declared unconstitutional as applied to him. Upon stipulated facts the court declared the section unconstitutional as applied to

plaintiff and enjoined further prosecution under the citation. Defendant appeals.

On appeal the parties, as they did below, raise serious constitutional issues that deal with government's ability to impose vicarious criminal liability. These issues need not be considered. In his concurring opinion in *Ashwander v TVA,* 297 US 288; 56 S Ct 466; 80 L Ed 688 (1936), Justice Brandeis quoted from 1 Cooley, Constitutional Limitations (8th ed), p 332:

> "It must be evident to any one that the power to declare a legislative enactment void is one which the judge, conscious of the fallibility of the human judgment, will shrink from exercising in any case where he can conscientiously and with due regard to duty and official oath decline the responsibility." 297 US at 345.

In the early Michigan case of *Upton v Kennedy,* 36 Mich 215, 218 (1877), Chief Justice COOLEY wrote:

> "It is a sound rule of policy, no less than of courtesy, that a court abstain from questioning the validity of legislation until it becomes absolutely necessary in the decision of a pending controversy."

This "sound rule of policy" has not changed. Judge BRENNAN stated in *Ryan v Ore Lake,* 56 Mich App 162, 167; 223 NW2d 637 (1974):

> "It has repeatedly been asserted that the appellate courts of this state will not reach constitutional questions when the case under consideration can fairly be disposed of on other grounds. *Township of Warren v Raymond,* 291 Mich 426; 289 NW 201 (1939); *In re Fjerstad Estate,* 47 Mich App 100; 209 NW2d 302 (1973); *Stanek v Secretary of State,* 33 Mich App 527; 190 NW2d 288 (1971). This policy is firmly imbedded in

the jurisprudence of our state and is not to be lightly disregarded."

Plaintiff and defendant stipulated that the citation issued plaintiff charged a true violation of the ordinance. The court below then proceeded to consider the constitutional question raised. This was error. A plain reading of the ordinance section excludes plaintiff from its coverage, and the prosecution against him should have been dismissed on this ground. Plaintiff is the president of a company owning service stations in Detroit. He is not an "owner, manager, operator or supervisor of, or any person in authority, employee or attendant at, any gas station * * * ".

When a fair construction of legislation permits serious constitutional questions to be avoided, that construction is preferred. *Crowell v Benson,* 285 US 22; 52 S Ct 285; 76 L Ed 598 (1932); *Fritts v Krugh,* 354 Mich 97; 92 NW2d 604 (1958); *State Highway Commission v Vanderkloot,* 392 Mich 159; 220 NW2d 416 (1974). The facts stipulated indicate that plaintiff is president of the oil company with general supervisory control over the company's operations. He is not the "owner * * * of any gas station". The words "manager, operator or supervisor of * * * any gas station" can legitimately be construed to mean a person who oversees the daily operation of a gas station and not a person who only controls the operation of gas stations from a distance. As president of the oil company, plaintiff was not a "person in authority, employee or attendant *at,* any gas station".

By giving the ordinance this construction, the court below could have avoided considering the constitutional questions raised. A decision should have been made on nonconstitutional grounds,

even though not raised by the parties. *Neese v Southern R Co,* 350 US 77; 76 S Ct 131; 100 L Ed 60 (1955).

Judgment vacated; case remanded.