BARRY COUNTY PROBATE COURT v MICHIGAN DEPARTMENT
OF SOCIAL SERVICES

Docket No. 57273. Submitted December 7, 1981, at Grand Rapids.—
Decided March 18, 1982.

In 1980, the Michigan Department of Social Services (DSS)
amended the rules governing the evaluation and licensing of
child care organizations in such a way that juvenile courts
were considered to be child placing agencies subject to the
inspection, evaluation and approval procedure of the DSS.
Pursuant to these new rules, the DSS requested that the
Juvenile Division of the Barry County Probate Court submit to
an on-site evaluation by DSS personnel. The request for inspec-
tion was declined, and the Barry County Probate Court com-
menced in Barry Circuit Court an action seeking a declaratory
judgment and an injunction to restrain the DSS from licensing
or regulating the probate court's activities. The Michigan Pro-
bate and Juvenile Court Judges Association was permitted to
join as a party plaintiff. Following a bench trial, Hudson E.
Deming, J., held that the Legislature did not intend juvenile
courts to come within the scope of the child care organizations
licensing act and that the attempts by the DSS to evaluate the
juvenile courts' child placement activities violated the separa-
tion of powers clause of the constitution. Judge Deming ordered
the DSS to cease and desist from applying or attempting to
apply its rule which classified juvenile courts as licensees, to
immediately delete juvenile courts from its definition of licens-
ees, to cease any attempts to inspect juvenile courts pursuant
to its rule and to refrain from any interference with the
operations of the juvenile courts' child placing activities. The
DSS appeals. *Held:*

1. A probate court is neither a child placing agency nor a
child care organization within the meaning of the child care
organizations act. The rule promulgated by the DSS exceeded

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 195, 254, 265.
[2, 3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 1, 29.
[4] 22 Am Jur 2d, Declaratory Judgments § 100.

the scope of authority granted by the statute. Accordingly, the DSS exceeded its authority in attempting to undertake inspection, evaluation and licensure of child placement activities of the probate court juvenile divisions.

2. The trial court properly enjoined the DSS from interfering with the payment of child care funds to juvenile courts for any noncompliance by such courts with the DSS regulations, such relief being a proper adjunct to the declaratory relief sought and granted by the court.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Courts, in construing an ambiguous statute, must attempt to give effect to the intention of the Legislature in enacting the statute; in resolving a perceived ambiguity the court shall look to the object of the statute, apply a reasonable construction which best accomplishes the statute's purpose, interpret and construe the statute as a whole so as to give effect to each provision and to produce a harmonious and consistent result, and assign to specific words their ordinary meaning unless a different interpretation is indicated so as to effectuate the intention of the Legislature.

2. COURTS — PROBATE COURTS — CHILD PLACING AGENCY — CHILD CARE ORGANIZATION ACT.

A juvenile division of a probate court is not a "child placing agency" within the meaning of the child care organizations licensing act (MCL 722.111[c]; MSA 25.358[11][c]).

3. COURTS — PROBATE COURTS — CHILD CARE ORGANIZATION — CHILD CARE ORGANIZATION ACT.

A probate court is not a "child care organization" within the meaning of the child care organizations licensing act.

4. COURTS — CIRCUIT COURTS — DECLARATORY JUDGMENTS — INJUNCTIVE RELIEF — COURT RULES.

A circuit court has the discretionary power to issue injunctive relief to give effect to an order of declaratory judgment (GCR 1963, 521.6).

*Siegel, Hudson, Gee, Shaw & Fisher,* for Barry County Probate Court.

*William T. Downs,* for Michigan Probate & Juvenile Court Judges Association.

*Frank J. Kelley,* Attorney General,*Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William Basinger,* Assistants Attorney General, for defendant.

Amicus Curiae:

*McGinty, Halverson, Brown & Jakubiak, P.C.* (by *Kenneth P. Frankland),* for Michigan Federation of Private Child and Family Agencies.

Before: T. M. BURNS, P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant, Michigan Department of Social Services, appeals a trial court's grant of declaratory relief in favor of plaintiffs Barry County Probate Court and the Michigan Probate and Juvenile Court Judges Association.

Defendant has the authority to license or otherwise evaluate child care organizations under MCL 722.111 *et seq.;* MSA 25.358(11) *et seq.* Pursuant to this authority, defendant enacted rules governing the evaluation and licensing of child care organizations. In 1980, the rules were amended broadening the definition of "child placing agency" to include plaintiff Barry County Probate Court's juvenile division. 1980 AACS, R 400.6101-400.6522. Following the promulgation of these new rules, defendant requested that the Barry County Probate Court submit a child placing agency application. After refusing to comply, plaintiff Barry County Probate Court commenced this action and, on February 13, 1981, plaintiff Michigan Probate and Juvenile Court Judges Association was permitted to join the action as a plaintiff.

During the trial, plaintiffs argued that the Legislature did not intend the juvenile court to be

encompassed by the child care organizations licensing act, MCL 722.111 *et seq.;* MSA 25.358(11) *et seq.* Plaintiffs further argued that if they were subject to the act, it was unconstitutional because it violated Const 1963, art 3, § 2. Defendant argued that all child care services should be consolidated under its control. According to defendant, MCL 722.111; MSA 25.358(11) includes juvenile courts within the definition of child placing agencies. If so, absent approval by defendant, state funds appropriated for the juvenile division would not be given to plaintiff probate court.

Following the bench trial, the court held that the Legislature did not intend the juvenile courts to fall within the scope of the definitions contained in MCL 722.111; MSA 25.358(11). The trial court also agreed that defendant's attempts to evaluate plaintiffs' "child placing agency" activities violated Const 1963, art 3, § 2. The trial court restrained defendant from applying or attempting to apply the child care organizations licensing act to any probate court. A judgment and order were entered on April 17, 1981, from which defendant appeals.

The question of whether juvenile courts fall within the provisions of the child care organizations licensing act is a question of first impression. MCL 722.116; MSA 25.358(16) provides:

"Local and state government child care organizations similar to those nongovernmental organizations required to be licensed pursuant to this act shall be evaluated and approved at least once every 2 years, using this act and rules promulgated thereunder for similar nongovernmental organizations licensed under this act. A report of the evaluation shall be furnished to the funding body for each child care organization. Unless child care organizations are approved, or provisionally approved, as meeting the appropriate administra-

tive rules, state funds shall not be appropriated for their continued operation."

Child care organization is defined in MCL 722.111(a); MSA 25.358(11)(a), which states:

" 'Child care organization' means a governmental or nongovernmental organization having as its principal function the receiving of minor children for care, maintenance, training, and supervision, notwithstanding that educational instruction may be given. Child care organization includes organizations commonly described as child caring institutions, child placing agencies, children's camps, child care centers, day care centers, nursery schools, parent cooperative preschools, foster homes, group homes, or day care homes."

According to defendant, juvenile divisions of probate courts are "child placing agencies" as defined by MCL 722.111(c); MSA 25.358(11)(c), which provides:

" 'Child placing agency' means an agency organized for the purpose of receiving children for their placement in private family homes for foster care or for adoption."

In *Pittsfield Twp v Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981), we referred to the traditional rules of statutory construction:

"In construing this statute, we are governed by traditional rules of construction. Thus, if the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). However, if ambiguity exists, it is our duty to give effect to the intention of the Legislature in enacting the statute. *Melia v Employment Security Comm,* 346 Mich 544; 78

NW2d 273 (1956). To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *Bennetts v State Employees Retirement Board,* 95 Mich App 616; 291 NW2d 147 (1980), *Stover v Retirement Board of St Clair Shores,* 78 Mich App 409; 260 NW2d 112 (1977). Also, ambiguous statutes will be interpreted as a whole and construed so as to give effect to each provision and to produce an harmonious and consistent result. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970), *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977), MCL 8.3a; MSA 2.212(1)."

To these rules we add that words of a statute should not be construed in a void but must be read together to effectuate the intention of the Legislature. *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477, 507; 274 NW2d 373 (1979).

Applying the above rules, we begin by construing the term "child placing agency" contained in MCL 722.111(c); MSA 25.358(11)(c). While defendant urges us to accept another definition of agency, we choose to use the legislative definition contained in MCL 24.203(2); MSA 3.560(103)(3). *Erlandson v Genesee County Employees' Retirement Comm,* 337 Mich 195, 204; 59 NW2d 389 (1953). Under that definition the Legislature has specifically excluded the legislative and judicial branches of state government from the definition of agency. The juvenile division of the probate court is part of the judicial branch of government and therefore not an agency. Since the juvenile division is not an agency, the Legislature did not

intend to include it within the definition of "child placing agency".

Furthermore, the probate court is not a "child care organization" as defined by MCL 722.111(a); MSA 25.358(11)(a). Under the definition of "child care organization", the organization must have as its principal function the receiving of minor children for care. While the juvenile division of the court does engage in some activities similar to those engaged in by child care organizations, the probate court's principal function is not the receiving of minor children. Moreover, the probate court is not one of the enumerated "child care organizations" contained in the statute. This evidences a legislative intent not to include the probate courts within the definition of "child care organizations".

MCL 722.116; MSA 25.358(16) requires defendant to license and evaluate state and local government child care organizations. Because the probate courts are not "child care organizations" as defined by the statute, the Legislature did not intend to require their licensing or evaluation by defendant. The trial court did not err when it found that the child care organizations licensing act was inapplicable to the Barry County Probate Court.

Due to our view that the child care organizations licensing act is inapplicable to probate court, we do not reach the question of whether the act violates Const 1963, art 3, § 2. *Timmons v Dep't of Social Services,* 89 Mich App 330, 340; 280 NW2d 515 (1979), *Ryan v Ore Lake,* 56 Mich App 162, 167; 223 NW2d 637 (1974).

Defendant also argues that the trial court erred when it enjoined defendant from terminating funding for plaintiff Barry County Probate Court. Initially, defendant argues that the trial court lacked

the power to issue the injunction because there was no controversy concerning funding before it.

GCR 1963, 521.6 states:

"Other Relief. Further necessary or proper relief based on a declaratory judgment may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by the declaratory judgment."

After entry of judgment for declaratory relief, further relief, such as an injunction, may be granted, if necessary or proper, against any adverse party whose rights were determined by the declaratory judgment. *Stein v Continental Casualty Co,* 110 Mich App 410; 313 NW2d 299 (1981). The power to issue declaratory relief is within the trial court's discretion. *13-Southfield Associates v Dep't of Public Health,* 82 Mich App 678, 687; 267 NW2d 483 (1978). The trial court had the power to issue an injunction prohibiting defendant from terminating plaintiff's funding.

Defendant also claims that the trial court's order enjoining defendant from interrupting plaintiff's funding was inconsistent with its finding that plaintiff was not subject to the child care organizations licensing act. MCL 722.116; MSA 25.358(16) states that "child care organizations" which are not approved shall not be given state funds for their continued operation. As discussed previously, probate courts are not "child care organizations" and are not subject to the child care organizations licensing act. Therefore, state funds owed plaintiff for its juvenile division operation may not be terminated because it failed to comply with MCL 722.116; MSA 25.358(16). The trial court's order is affirmed.

Affirmed.