## THE PEOPLE v. LAUGHLIN McLEAN.

*Criminal law—Rape—Evidence—Specific acts of intercourse.*

In a prosecution for rape, specific acts of intercourse by the prosecutrix with persons other than the respondent cannot be shown; and her denial on her cross-examination of having admitted such acts is conclusive.

Error to Clare. (Hart, J.) Argued June 27, 1888. Decided July 11, 1888.

Respondent was convicted of an assault with intent to commit the crime of rape. Judgment affirmed. The facts are stated in the opinion,

*Gallup & Pearson,* for respondent.

*Moses Taggart,* Attorney General, and *W. A. Burritt,* Prosecuting Attorney, for the people.

LONG, J. The respondent was convicted of an assault with intent to commit the crime of rape, in the circuit court for the county of Clare on January 24, 1888, and brings the case into this Court by writ of error.

On the trial of the cause, Myrtie Merrill was called as a witness by the people, and testified that she was the daughter of Wellington Merrill and Fannie McLean; that her father is the complainant in this case, and is now living; and that he was divorced from her mother about one year ago, soon after which time the respondent, Laughlin McLean, and her mother were married.

That about August 1, 1887, her mother was called away from home to attend the funeral of her parent, and, after her mother had been away from home a few days, the defendant came into her room one night, soon after

she had retired, and then and there ravished and carnally knew her, and that said act was by force and against her will; that it was about one week before her mother came home, and that she continued to keep house for the defendant until her mother returned, about one week after which time, witness told her of the affair; that this was the first she told any one about it; and that she told one of her school-mates about it some time afterwards, and told no one else until she told her father.

On her cross-examination by defendant's counsel, she testified that one Alfonzo Langworthy worked for Mr. McLean during the summer of 1887, and that he went away from his house only a few days before the time when her mother went to the southern part of the State to attend the funeral of her parent; that she had never before had sexual intercourse with any one; that she had not told Mr. and Mrs. Bates that she had sexual intercourse with Alfonzo Langworthy, at the time she was stopping at their house; that she stopped there at the time of the arrest in this case.

The people here rested their case, and the defendant called as witnesses in his behalf Mr. and Mrs. Bates, and offered to prove by them that Myrtie Merrill did tell them, while stopping at their house, that she had had sexual intercourse with Alfonzo Langworthy several times while he was working for the defendant. This evidence was excluded by the court, and error is assigned upon such ruling. This raises the only question in the case for review.

The rule is laid down by Mr. Greenleaf, in his work on Evidence (3 Greenl. Ev. § 214), that the character of the prosecutrix for chastity may be impeached ; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to crim-

inal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible. The weight of authority, both in this country and England, is decidedly against the admissibility of such evidence.

In *King v. Hodgson*, Russ. & R. 211, the prisoner's counsel offered a witness to prove that he had sexual intercourse with complainant about a year before the charge; but Wood, B., who presided at the trial, rejected the evidence. Subsequently the question as to the admissibility of such evidence was argued before the 12 judges of England; and it was decided by them unanimously on the 30th of January, 1812, that the objection to its reception had been properly allowed.

In *King v. Clarke*, 2 Starkie, 241, it was held that, in the case of an indictment for rape, evidence that the woman had a bad character previous to the supposed commission of the offense is admissible, but the defendant cannot go into the evidence of particular facts.

In Phil. Ev. (3d ed.) 222, 223, it is laid down as a rule that, on an indictment for rape, the woman is not obliged to answer whether, on some former occasion, she had not a criminal connection with other men, or with particular individuals; nor is evidence of such criminal intercourse admissible.

Defendant's counsel cite *People v. Abbot*, 19 Wend. 192, in support of the doctrine for which they contend. Mr. Justice Strong, speaking of the above case in *People v. Jackson*, 3 Park. Crim. R. 391, says it is true that Judge Cowen, in the case of *People v. Abbot*, disapproves of the rule, strongly sustained, as it is, by numerous judicial decisions and the opinions of many elementary writers; but the point was not necessarily raised in that case, as the conviction was reversed on the ground that the court of general sessions, before which the trial for rape had

been conducted, had no jurisdiction of the case; and what was said by the learned judge as to the rejection of evidence was a mere *obiter dictum.*

In *Strang v. People,* 24 Mich. 1, Mr. Justice COOLEY, speaking for the Court, says:

"The prosecutrix could not be supposed to have come prepared to meet charges of this character; and, though the defense might question her regarding them, the right to go into proof of particular facts is not very clear."

Evidence that the prosecutrix is a common prostitute, or that her character for chastity is bad, is admissible, and particular acts of unchastity or sexual intercourse with the defendant may be shown; but evidence of such acts with a third person is not admissible. *McDermott v. State,* 13 Ohio St. 332.

It being incompetent to show specific acts of intercourse by the prosecutrix with third persons, the fact could not be shown that the girl, Myrtie Merrill, stated that she had such intercourse with Alfonzo Langworthy. She had had denied making such statements upon her cross-examination by defendant's counsel, and her answer is conclusive. The defense had no right to attack her in this way, and the court properly excluded the evidence.

The judgment must be affirmed.

The other Justices concurred.