## STANEK v. SECRETARY OF STATE

1. APPEAL AND ERROR—CONSTITUTIONAL LAW—CONSTITUTIONAL QUESTIONS—JUDICIAL POLICY.

   Constitutional questions will not be decided, as a general rule, in advance of the necessity for such adjudication; an appellate court will not review a contention that a statute is unconstitutional where the determination of constitutionality is not essential to the disposition of the case on appeal.

2. AUTOMOBILES—REVOCATION OF LICENSE—JURISDICTION—CIRCUIT COURT—PRELIMINARY INJUNCTION.

   A preliminary injunction issued by a circuit court restraining the Director of the Division of Driver and Vehicle Services from putting into effect his decision to revoke the plaintiff's driver's license is, in effect, an order to set aside the recommendation of the director and is consistent with the court's statutory authority (MCLA § 257.323).

3. AUTOMOBILES—REVOCATION OF LICENSE—ADMINISTRATIVE LAW—EVIDENTIARY BASIS—"GOOD CAUSE".

   The Director of the Division of Driver and Vehicle Services of the Department of State may recommend *upon good cause* that

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Constitutional Law §§ 702, 873, 874.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 109–124.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 933.

a driver's license be suspended or revoked, following a revocation examination held because the driver was involved in an accident resulting in the death of a person; however, the finding of "good cause" must be based on sufficient and competent evidence; a police report of the fatal accident is not, alone, sufficient or competent evidence upon which to find good cause (MCLA § 257.320).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 March 31, 1971, at Grand Rapids. (Docket No. 9201.) Decided May 19, 1971.

Complaint by Michael Steven Stanek against James M. Hare, Secretary of State, and Robert Zender, examiner of the Division of Driver and Vehicle Services, to prevent revocation of his driver's license. The circuit court issued a preliminary injunction restraining revocation. Defendants appeal by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General, State Affairs Division, for defendant Secretary of State.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. Plaintiff is a licensed driver in the State of Michigan. On March 21, 1969, plaintiff, as driver of an automobile, was involved in a fatal accident in the State of Michigan.[1]

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] As the result of the accident the plaintiff was charged with negligent homicide. MCLA § 750.324 (Stat Ann 1971 Cum Supp § 28-.556). The charge of negligent homicide against the plaintiff was subsequently dismissed.

The Director of the Division of Driver and Vehicle Services (hereinafter referred to as "commissioner")[2] received a copy of the police report relevant to the above-mentioned accident. Acting pursuant to MCLA 1971 Cum Supp § 257.320 (Stat Ann 1971 Cum Supp § 9.2020), the commissioner notified plaintiff to appear for an examination to determine whether "good cause" existed to suspend or revoke plaintiff's operator's license. On May 12, 1969, at the time and place designated in the notice, plaintiff appeared with his attorney, Mr. John L. Collins. The certificate of the concise statement of proceedings and facts, as prepared by defendants and certified by the circuit court judge, acknowledged the following with respect to the examination:

"Plaintiff's previous driving record was reviewed. Copies of the official state police accident report filed in connection with the above mentioned fatal accident and an additional complaint report also filed in connection therewith were produced by the defendant examiner Mr. Robert Zender. Plaintiff was advised by Mr. Collins not to answer any questions posed by Mr. Zender which might bear on the pending charge of negligent homicide. Neither the author of the official state police accident report nor the author of the additional complaint report was present at the re-examination. No other witnesses were asked to appear by defendants. Plaintiff produced no witnesses other than himself."

At the conclusion of the examination, the commissioner told plaintiff that he was recommending that plaintiff's operator's license be revoked effective midnight, May 12, 1969.[3]

---

[2] MCLA § 257.203a (Stat Ann 1968 Rev § 9.1903[1]).

[3] MCLA 1971 Cum Supp § 257.320 (Stat Ann 1971 Cum Supp § 9-.2020) mandates that the Division of Driver and Vehicle Services

On May 12, 1969, Ingham County Circuit Judge Donald L. Reisig issued a temporary restraining order to prevent the revocation of the plaintiff's operator's license and set a hearing for May 16, 1969. The order and complaint were served on the defendants May 12, 1969. Defendants filed a motion to dismiss the temporary restraining order. A hearing was held on June 11, 1969, at which Judge Reisig ordered a preliminary injunction be entered restraining defendants from revoking plaintiff's driver's license.

This Court granted defendants leave to appeal on July 31, 1969. Defendants are represented on appeal by the Attorney General. Although plaintiff has not filed a brief on appeal, plaintiff's complaint below challenged the constitutionality of MCLA 1971 Cum Supp § 257.320 (Stat Ann 1971 Cum Supp § 9.2020). In accordance with the general rule that constitutional questions will not be decided in advance of the necessity for such an adjudication, we exercise judicial restraint since the determination of whether the statute in question is unconstitutional is not essential to the disposition of the instant case. See *Township of Warren* v. *Raymond* (1939), 291 Mich 426, 429 (authorities cited therein).

It cannot be questioned that the extensive loss of life on our highways due to the operation of automobiles is a major problem. Nor can it be seriously argued that the problem presents an ever-increasing challenge to the power of government to insure the safety of its citizens. The Legislature of our state is vitally concerned with the driving abilities of motor vehicle operators who are licensed by its delegated authority. The legislative concern does

follow the commissioner's recommendation. See MCLA § 257.201 (Stat Ann 1968 Rev § 9.1901).

not terminate with the issuance of an operator's license, for it is equally vital that drivers remain fit at all times and whenever they apply for renewal of their license. An indication of the legislative concern has been expressed by the enactment of the Michigan Vehicle Code, and particularly pertinent to this case, the enactment of Chapter III relating to operator's licenses.

The commissioner in the instant case, having reason to believe that plaintiff was "involved in an accident resulting in the death of a person", was empowered to act pursuant to MCLA 1971 Cum Supp § 257.320 (Stat Ann 1971 Cum Supp § 9.2020):

"Sec. 320. (a) Whenever *the commissioner has reason to believe that* any licensed operator or chauffeur is or has become incompetent to drive a motor vehicle or is or has become afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to drive a motor vehicle or as *a driver has in 1 or more instances been involved in an accident resulting in the death of a person,* or within a 24-month period has been involved in 3 accidents resulting in personal injury or damage to the property of any person in each accident in excess of $200.00 and the official police report indicates any moving violation on the part of the driver or drivers involved in each of the accidents; or whenever any person has charged against him a total of 12 or more points as provided in section 320a within a period of 2 years, *the commissioner, after notice as hereinafter provided to such person, may conduct an investigation and require an examination of such person in the county wherein such person may reside, and upon good cause appearing thereon, may thereupon recommend to the department the suspension or revocation of the license of such person* or may require the immediate surrender of the license of each person, which together with a recommendation as to the

period of suspension or revocation, shall be forwarded to the department. The commissioner shall, in all cases, prescribe the period of suspension and the recommendation of the commissioner in the premises shall, in all cases, be binding upon and followed by the department." (Emphasis added.)

Following the commissioner's decision to recommend revocation of plaintiff's license, plaintiff sought relief in Ingham County Circuit Court. This remedy is, in our opinion, provided by MCLA § 257.323 (Stat Ann 1968 Rev § 9.2023):

"Sec. 323. *Any person denied a license to operate a motor vehicle or whose license for such purpose has been revoked or suspended by the secretary of state under the provisions of this act or any other law of this state,* with the exception of the financial responsibility act contained in chapter 5 of this act, *shall have a right to file a petition for a hearing in the matter in a circuit court in the county from which came the recommendation or* conviction *upon which such license was denied, suspended or revoked,* or, in the circuit court of the county of the residence of such persons in those cases where the license was suspended or revoked under the provisions of section 318 of this act, and such court is hereby vested with jurisdiction and it shall be its duty to enter an order setting the cause for hearing for a day certain in not to exceed 30 days from the date of such order; such order, together with a copy or copies of the petition and all supporting affidavits, shall be served by certified mail on the secretary of state at least 10 days before the date set for such hearing. On the hearing in said cause such court is hereby authorized to take testimony and examine into all the facts and circumstances incident thereto. *Such court is further authorized to confirm, modify or set aside such order of suspension, revocation or denial of such license.*" (Emphasis added.)

The preliminary injunction issued by the circuit court was, in effect, an order to set aside the recommendation that plaintiff's license be revoked. This action by the circuit court is consistent with MCLA § 257.323 (Stat Ann 1968 Rev § 9.2023), which authorizes the court "to confirm, modify or set aside such order of suspension, revocation or denial of such license".

The circuit court gave the following reasons for setting aside the revocation of plaintiff's operator's license:

"Moving on from there to the essential ingredients of this case, upon what I have been told here today *I do not believe that the 'good cause shown' referred to by the Legislature in § 320, can be met by administrative review of a police report.* The use of that police report by the commissioner certainly may be the ingredient that starts the entire process of moving to an examination, but I think that at the time of that examination the examined party has some rights to have some proofs presented, to face his accuser, and to be confronted with the witnesses against him. I think this is fundamental. I think it is the concept of due process. * * * [A]nd I think in this instance that it certainly has been denied to Mr. Stanek.

"So without regard to the question of his reinstatement, I find these procedures defective, and though I set aside the original restraining order as * * * improvidently granted or improperly granted, I would grant at this point only a preliminary injunction, leaving the plaintiff to take whatever steps he feels are necessary to perfect his relief.

* * *

"Part of this court's basis for his ruling is the fact that in his professional experience as a lawyer, as a former prosecutor, and as a judge, it has

viewed and seen police reports which, when the opportunity came for judicial hearing, the content thereof, I should say, were not necessarily verifiable under oath." (Emphasis added.)

MCLA 1971 Cum Supp § 257.320 (Stat Ann 1971 Cum Supp § 9.2020) empowers the commissioner, following investigation and examination, to recommend suspension or revocation of the license "upon good cause". While the commissioner's action is discretionary, as opposed to the action mandated under MCLA 1971 Cum Supp § 257.319 (Stat Ann 1968 Rev § 9.2019), the action to revoke or suspend is subject to the "good cause" restriction.

We agree with the trial judge that in this case, where revocation of a license was sought because the driver had "been involved in an accident resulting in death of a person", the "good cause" must be established by sufficient and competent evidence. See 7 Am Jur 2d, Automobiles and Highway Traffic, § 122; *State* v. *Moseng* (1959), 254 Minn 263 (95 NW2d 6); *Shields* v. *Hults* (1964), 21 AD2d 745 (250 NYS2d 143); *Application of Kafka* (1947), 272 App Div 364 (71 NYS2d 179). See, generally, Anno, 10 ALR2d 833. A decision by the commissioner to recommend revocation in this type of case, based solely upon the accident report, does not satisfy this requirement.

The order of the circuit court is affirmed. No costs.

All concurred.