PEOPLE v STOUDEMIRE

1. CRIMINAL LAW—EVIDENCE—DEFENDANT AS WITNESS—CROSS-EXAMI-
NATION—STATEMENTS TO POLICE—DIRECT EXAMINATION—OTHER
TESTIMONY.

> A defendant who takes the stand and who makes no reference on
> direct examination to any utterance or nonutterance made to
> police officers at the time of his arrest may not be asked by the
> prosecutor in any manner on cross-examination if he made any
> statements to the officers where prior to defendant's testimony
> there has been no testimony by any other witness of utterances
> made by the defendant to the officers.

2. CRIMINAL LAW—EVIDENCE—DEFENDANT AS WITNESS—CROSS-EXAMI-
NATION—STATEMENTS—PEOPLE'S DIRECT EXAMINATION—APPEAL
AND ERROR—BURDEN OF PROOF—RIGHT TO REMAIN SILENT.

> A defendant may not be asked on cross-examination whether he
> made a statement not adduced during the people's case or
> referred to during his direct examination because to allow such
> a question violates either the defendant's right to have the
> people introduce all statements claimed to have been made by
> him before he begins to put in his proofs, or it permits bringing
> to the jury's attention evidence that the defendant did not
> make a statement, which would be an impermissable reflection
> on the exercise of his right to remain silent.

3. APPEAL AND ERROR—CRIMINAL LAW—CROSS-EXAMINATION—MIS-
CARRIAGE OF JUSTICE—PRESERVING QUESTION.

> A criminal conviction will be reversed on appeal because of
> improper cross-examination by the prosecution only when nec-
> essary to prevent a miscarriage of justice where defense coun-
> sel failed to object at trial to the improper questions.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Witnesses §§ 477, 478.
[3, 7] 5 Am Jur 2d, Appeal and Error § 545.
[4] 81 Am Jur 2d, Witnesses §§ 523-528.
[5] 29 Am Jur 2d, Evidence § 320.
[6] 29 Am Jur 2d, Evidence § 493 *et seq.*

4. CRIMINAL LAW—EVIDENCE—DEFENDANT AS WITNESS—IMPEACH-
MENT—MISDEMEANOR CONVICTIONS—CASE PRECEDENT—RETRO-
ACTIVITY.

A decision prohibiting impeachment of a defendant's testimony
by the use of misdemeanor convictions has been held to be
retroactive only under certain circumstances, and where those
circumstances do not apply to a case tried before that decision
such impeachment is proper.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—PROSECUTORS—PRIOR
ARRESTS—INADVERTENT REFERENCES—HARMLESS ERROR.

An inadvertent reference by a prosecutor during cross-examina-
tion to an arrest of a defendant which did not result in a
conviction does not require reversal on appeal where the error
was harmless beyond a reasonable doubt.

6. CRIMINAL LAW—EVIDENCE—HEARSAY—IDENTIFICATION—RAPE—
HARMLESS ERROR.

The allegedly improper admission into evidence of hearsay testi-
mony of a police officer concerning an identification of a defend-
ant at a lineup by a complaining witness in a trial for at-
tempted rape was harmless error where the defendant admit-
ted being at the scene and identification was simply not an
issue in the case.

7. APPEAL AND ERROR—CRIMINAL LAW—DEFENSES—ALIBI—STATUTES
—PRESERVING QUESTION.

The issue of the constitutionality of the Michigan alibi statute
was not properly preserved for appeal where the defendant
made no objections to the proceeding in the trial court and
where the record does not demonstrate a manifest injustice
(MCLA 768.20).

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted October 10, 1975, at Detroit. (Docket No.
18153.) Decided November 24, 1975.

Ernest Stoudemire was convicted of assault with
intent to commit rape. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal

Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Joseph B. Szeremet,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

J. H. GILLIS, P. J. A jury convicted defendant of assault with intent to commit rape. MCLA 750.85; MSA 28.280. He was sentenced to 6-1/2 to 10 years in prison, and appeals as of right.

At trial, the complainant testified as follows: She and her husband owned a small store. Defendant had visited the store a few times prior to October 12, 1973. On that day he came into the store and ascertained that complainant was the only other person present. He forced her into a back room, drew a pistol, stated that he intended to rape her, and set about to do so. At that point, complainant's husband returned. Defendant was frightened and fled before completing the rape.[1]

Defendant testified that he was acquainted with both complainant and her husband. He stated that he had bought a tape deck from them a few days prior to October 12th. Dissatisfied with the device, he attempted to speak with the couple about it on different occasions. Defendant testified that he was in the store on October 12th to voice his complaint about the tape deck. He denied that he attempted any assault of the complainant, but rather claimed that complainant's husband and another man assaulted him because of his persistence in the tape deck matter.

---

[1] Two police officers arrested defendant a short distance from the store almost immediately after the alleged attempted rape occurred.

When defendant testified on direct examination at the trial, he related his version of the incident to the jury. He stated that complainant's husband and another man assaulted him. He did not, however, claim that he had told the police of this incident. In fact, no mention of any discussion with the police was made by defendant on direct examination. On cross-examination, the prosecutor asked defendant if he had told the police about the alleged assault made on him by the two men. Defendant responded by saying that he had told the police the same story he had just related to the court. The two police officers were then recalled to the witness stand by the prosecutor.[2] When asked what defendant had told them upon his arrest, they stated that he had remained silent. This cross-examination of defendant was improper.

In a criminal trial, if on direct examination, a defendant makes no reference to any utterance or nonutterance made to police officers and if, prior to defendant testifying, there has been no testimony by any other witness in reference to utterances made by defendant to police officers, then the prosecutor may not, in any manner, ask defendant if he made any statements to the officers. *People v Williams,* 26 Mich App 218; 182 NW2d 347 (1970). The rationale underlying this rule was carefully summarized by the *Williams* panel:

"In summary, on cross-examination of a defendant in a criminal case, he may be questioned concerning (1) any statement that, during his direct examination, he claims he made, and (2) any statement any other witness, during the people's case in chief, claims he made. He may not, however, be asked on cross-examination whether, when confronted with the charge, he made a

---

[2] When the officers first testified, no mention was made of any discussion they had with defendant.

statement not adduced during the people's case or referred to during his direct examination because to allow such a question violates either (1) the defendant's right to have the people introduce during their case in chief all statements claimed to have been made by him before he is put to his proofs, or (2) permits bringing to the jury's attention evidence that the defendant did not make a statement, which would be an impermissible reflection on his exercise of his right to remain silent." *Williams, supra,* 226, 227, fn 10; 182 NW2d at 352, fn 10.

In the case at bar, the cross-examination of defendant violated the *Williams* holding. Under the circumstances of this case, we do not feel that this violation compels reversal.

It must first be noted that in the instant case defense counsel did not object to the prosecutor's cross-examination. In this situation, this Court reverses only to prevent a miscarriage of justice. *People v Smith,* 16 Mich App 198; 167 NW2d 832 (1969). No such miscarriage occurred here. Unlike the situation in *Williams, supra,* the prosecutor made no reference to defendant's testimony during his closing argument. A review of the record convinces us that this testimony did not contribute to defendant's conviction. Accord, *People v Fry,* 17 Mich App 229; 169 NW2d 168 (1969).

Defendant next complains that his credibility was improperly impeached during trial. Michigan law recognizes a trial judge may, in his discretion, allow impeachment of defendant's credibility through questioning concerning prior felony convictions. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). At the time that defendant was tried, impeachment by use of misdemeanor convictions was allowed. *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), now prohibits impeachment by misdemeanor convictions. However, *Renno, su-*

*pra,* has been held to be retroactive only under certain circumstances that are not applicable to the case at bar. *People v Sanders,* 394 Mich 439; 231 NW2d 639 (1975). Thus, the impeachment of defendant by use of a misdemeanor was proper here. The prosecutor also inadvertently referred to an arrest of defendant which did not result in a conviction. Under the circumstances of this case, no reversal is required by this mistake. *People v Peay,* 37 Mich App 414; 195 NW2d 75 (1971), *People v Roberson,* 55 Mich App 413; 222 NW2d 761 (1974), *cf. People v Sanders, supra.* No reversible error occurred in the impeachment of defendant.

Defendant also contends that the trial judge improperly allowed into evidence hearsay testimony of a police officer concerning the complaining witness' identification of defendant at a lineup. Accepting as correct defendant's contention that the testimony was inadmissible under *People v Poe,* 388 Mich 611; 202 NW2d 320 (1972), we nonetheless hold this error harmless. Identification of defendant was simply not an issue in this case. Defendant admitted prior acquaintance with the victim and her husband. He admitted frequenting their store "nine or ten times" prior to the attempted rape. He admitted being in the store on the day in question. He denied the attempted rape. Because defendant's identity was not at issue, any error under *Poe, supra,* was harmless. *Roberson, supra.*

Defendant next argues that Michigan's notice of alibi statute, MCLA 768.21; MSA 28.1044 is unconstitutional. This issue has not been properly preserved for appellate review. *People v Phelps,* 57 Mich App 300; 225 NW2d 738 (1975).

No other allegation of error merits discussion.

Affirmed.