## PEOPLE v VANDERFORD

1. HOMICIDE—MANSLAUGHTER—STATUTES—CONSTITUTIONAL LAW—
   STANDING—SUPPORT OF LIFE—ARTIFICIAL MEANS.

   A defendant, convicted of manslaughter, has no personal interest
   in the constitutionality of a statute which provides that where
   a person's respiratory and circulatory functions are maintained
   by artificial means of support that person will be considered
   dead where there is irreversible cessation of spontaneous brain
   function because even if the statute were found unconstitu-
   tional, the defendant's conviction would stand because from the
   record it is clear that his victim was dead before the respirator
   was turned off (MCLA 326.8[b]; MSA 14.228[2]).

2. HOMICIDE—MANSLAUGHTER—INTERVENING MEDICAL ERROR—DE-
   FENSES.

   Intervening medical error is not a defense to a defendant who has
   inflicted a mortal wound upon another and is charged with
   manslaughter.

3. CONSTITUTIONAL LAW—STATUTES—RIGHTS OF OTHERS.

   One may not attack a statute on the ground that its application
   might deny the constitutional rights of another.

4. CONSTITUTIONAL LAW—STATUTES—APPEAL AND ERROR—CONSTITU-
   TIONAL QUESTIONS—JUDICIAL POLICY.

   The Court of Appeals will not reach the issue of the constitution-
   ality of a statute where the determination of constitutionality
   is not necessary to the disposition of the case on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 13 et seq.
[2] 40 Am Jur 2d, Homicide § 17.
[3] 16 Am Jur 2d, Constitutional Law §§ 119, 122.
[4] 16 Am Jur 2d, Constitutional Law §§ 111–114.
[5] 40 Am Jur 2d, Homicide § 536 et seq.
[6] 29 Am Jur 2d, Evidence §§ 249, 251–256.
[7] 29 Am Jur 2d, Evidence § 493.
[8] 29 Am Jur 2d, Evidence §§ 621, 622.

5. HOMICIDE—MANSLAUGHTER—EVIDENCE—EXPERT WITNESSES—
CROSS-EXAMINATION—COURT RULES.

Allowing expert medical witnesses in a manslaughter trial to give
their opinions on the victim's death without first providing the
factual basis for the opinions or validating the accuracy of the
electroencephalogram upon which the opinions were partially
based was not error because such matters are properly left for
cross-examination (GCR 1963, 605).

6. EVIDENCE—RELEVANCY—DISCRETION—APPEAL AND ERROR.

The trial court must exercise its discretion in making a decision
on the relevancy of evidence; the Court of Appeals should
intervene only where a clear abuse of discretion is shown.

7. EVIDENCE—CRIMINAL LAW—RELEVANCY—HEARSAY.

Evidence which a trial court has already determined to be irrele-
vant, immaterial and too remote when testified to by a defend-
ant does not become more probative when recounted by an-
other witness secondhand.

8. EVIDENCE—CRIMINAL LAW—HEARSAY—SELF-SERVING STATEMENTS.

A self-serving hearsay statement corroborating a defendant's
testimony is not admissible under any hearsay exception.

Appeal from Allegan, George R. Corsiglia, J.
Submitted March 3, 1977, at Grand Rapids.
(Docket No. 28024.) Decided August 9, 1977.

James Vanderford was convicted of involuntary
manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Fred R. Hunter
III,* Prosecuting Attorney (Prosecuting Attorneys
Appellate Unit, by *Thomas C. Nelson,* Assistant
Attorney General, of counsel), for the people.

*Ainsworth & Sheridan,* for defendant.

Before: R. M. MAHER, P. J., and D. E. HOLBROOK,
JR. and J. T. LETTS,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted by a jury of involuntary manslaughter, contrary to MCLA 750.321; MSA 28.553, for which he was sentenced to a term of 10 to 15 years. He now appeals as of right.

During the late evening hours of August 11 or early morning hours of August 12, 1975, defendant beat Tonia Brummitt, age two years, about the head. Tonia lapsed into a coma and was subsequently placed on a respirator. Electroencephalograms were taken August 16 and 17, 1975, both of which indicated brain death. Tonia also lacked spontaneous and reflex activity. As a result the respirator was turned off August 18, 1975, and Tonia was pronounced dead an hour and fifteen minutes later. A pathologist testified that the cause of death was severe brain damage.

Defendant challenges as unconstitutional MCLA 326.8(b); MSA 14.228(2), which provides that, where a person's respiratory and circulatory functions are maintained by artificial means of support, that person will be considered dead where there is irreversible cessation of spontaneous brain function. Defendant argues that this criterion is so vague or so insufficiently rigorous a criterion of death that the respirator attached to Tonia Brummitt may have been prematurely terminated, causing her death.

Defendant does not have standing to challenge this statute. First, defendant has no personal interest in the constitutionality of the statute, since, even if the statute were found unconstitutional, defendant's conviction would stand. There was ample evidence from which the jury could find defendant caused Tonia Brummitt's death. From the record it is clear Tonia Brummitt was dead before the respirator was turned off. But even if

the respirator was stopped prematurely, defendant would still be liable, since intervening medical error is not a defense to a defendant who has inflicted a mortal wound upon another. *People v Cook*, 39 Mich 236, 240 (1878), *People v Flenon*, 42 Mich App 457, 461; 202 NW2d 471 (1972). The constitutionality of the challenged statute is not a condition precedent to a conviction of involuntary manslaughter. Second, one may not attack a statute on the ground that its application might deny the constitutional rights of another. *State ex rel Wayne County Prosecuting Attorney v Bernstein*, 57 Mich App 204, 207; 226 NW2d 56 (1974), *lv granted*, 393 Mich 793 (1975), *People v Conville*, 55 Mich App 251, 254–255; 222 NW2d 312 (1974). Since a decision on the constitutionality of the statute is not necessary to the decision of this case, the Court declines to reach the issue. *Stanek v Secretary of State*, 33 Mich App 527, 530; 190 NW2d 288 (1971), *Williams v Civil Service Commission of the City of Detroit*, 15 Mich App 55, 57; 166 NW2d 309 (1968), *rev'd on other grounds*, 383 Mich 507 (1970).

Defendant's argument that the trial court *sua sponte* should have instructed the jury that death must be pronounced before artificial life support is terminated, MCLA 326.8(b)(2); MSA 14.228(2)(2), is also without merit, since the time at which death is pronounced, either before or after the life support system is terminated, is not material to defendant's guilt. As noted, even if there was intervening medical error, defendant is not exculpated. *People v Cook, supra, People v Flenon, supra.* Nor need the trial court have required, on its own initiative, that the medical experts provide the factual basis for their opinions prior to giving them, or validate the accuracy of the electroen-

cephalograph upon which the opinion of death was partially based. That is properly a matter left for cross-examination. GCR 1963, 605, *People v John Willie Williams*, 26 Mich App 218, 230; 182 NW2d 347 (1970).

Defendant testified that his wife told him, while he was in jail, that she hit Tonia Brummitt after defendant beat the child, but before the police arrived. As circumstantial evidence of his wife's supposed guilty conscience, defendant introduced evidence that she continued to visit him at the jail for some time after her daughter died, but finally stopped, giving a frivolous excuse. Defendant argues that the trial court improperly excluded this circumstantial evidence. The record reveals that, although the trial court felt the evidence irrelevant, immaterial, and too remote, the above evidence was in fact admitted and not limited. The only thing excluded by the limiting instruction was the excuse itself; that the front license tag had been stolen from her car. The trial court did not abuse its discretion in determining that the excuse was irrelevant, immaterial and too remote to be probative of defendant's guilt or innocence. See *People v Howard,* 391 Mich 597, 603; 218 NW2d 20 (1974), *People v Smith,* 58 Mich App 76, 80; 227 NW2d 233 (1975), *People v Moore,* 51 Mich App 48, 52; 214 NW2d 548 (1974).

Defendant also attempted to introduce the same evidence, the excuse given by his wife for not visiting him, by means of double hearsay. The trial court properly excluded the jailer's statement of what defendant said his wife said during a telephone conversation, in which the jailer overheard only defendant's side of the conversation. What was irrelevant, immaterial and too remote when testified to by defendant does not become more

probative when recounted secondhand. Further, a self-serving hearsay statement corroborating a defendant's testimony is not admissible under any hearsay exception. *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973), *People v Kennedy,* 267 Mich 430, 436; 255 NW 405 (1934), *People v Compton,* 23 Mich App 42, 45; 178 NW2d 133 (1970).

Affirmed.