PEOPLE v WILLIAMS

PEOPLE v ANDERSON

PEOPLE v RESPRESS

PEOPLE v JOHNSON

Docket Nos. 78-1441, 78-1808, 78-1972, 78-2168. Submitted June 20, 1979, at Detroit.—Decided January 22, 1980. Leave to appeal granted, 408 Mich 959.

Harold Williams, Frank Anderson, Lavoier Respress and Wilbur Johnson, under separate counts, were charged with and convicted of first-degree criminal sexual conduct. At trial, defendant Williams sought an *in camera* hearing relative to the question of the admission of evidence of prior sexual contacts between himself and the complaining witness. The defendants also sought a hearing relative to the admission of evidence of the fact that the complaining witness had recently been arrested for accosting and soliciting, such information having come to light when the prosecution produced the "rap sheet" of the complaining witness during the trial. The hearing relative to these matters was sought because defendants wanted to introduce such evidence for the jury's consideration relative to the question of consent by the complaining witness to the sexual acts giving rise to the prosecution. The Recorder's Court of Detroit, Donald L. Hobson, J., denied the request for a hearing and refused to admit the proffered evidence on the basis that the defendants had failed to file a timely notice of their intent to present such evidence, as required by the

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6, 7] 65 Am Jur 2d, Rape § 84.

Modern status of admissibility in forcible rape prosecution of complainant's prior sexual acts. 94 ALR3d 257.

[2] 75 Am Jur 2d, Trial §§ 320, 344 *et seq.,* 416.

[4] 75 Am Jur 2d, Trial § 20 *et seq.*

[5] 65 Am Jur 2d, Rape §§ 82-86.

[6] 21 Am Jur 2d, Criminal Law § 333 *et seq.*

[8] 5 Am Jur 2d, Appeal and Error §§ 601-607.

[9] 62 Am Jur 2d, Pretrial Conference § 10.

[10] 4 Am Jur 2d, Appeal and Error § 491 *et seq.*

criminal sexual conduct statute. Defendants appeal separately. The appeals were consolidated. *Held:*

1. The refusal of the trial judge to consider and admit the testimony relative to the prior sexual acts between defendant Williams and the complaining witness was error which mandates reversal and remand for a new trial. The statutorily required *in camera* hearing on the admissibility of such evidence lacks constitutional validity in situations where the evidence relates to personal sexual contacts between a defendant and a complaining witness, since any hearing under those circumstances would necessarily require the trial court to take from the factfinder the question of the relative credibility of the defendant and the complaining witness. Further, the notice requirement of the criminal sexual conduct statute serves no logical purpose with respect to evidence of prior sexual contacts between a defendant and a complaining witness, and, accordingly, failure to file such a notice should not affect a defendant's right to present such evidence.

2. The fact that defendant Williams was jointly tried with the other codefendants does not serve to deny Williams his right to have the jury consider his testimony concerning his prior sexual contacts with the complaining witness in its determination of the question of consent. Although the codefendants have no right to present evidence of Williams' prior sexual contacts with the complaining witness if tried separately, the codefendants have a right to benefit from that evidence when tried with Williams.

3. The trial court erred in refusing to exercise its discretion with respect to the admission of evidence of the complainant's criminal record. The failure of the defendants timely to file the statutory notice did not relieve the trial court from considering the question of the admissibility of such evidence. The trial court has a duty to exercise its discretion in reviewing the evidence without regard to any notice provisions.

4. The failure of defense counsel to file the statutorily required notice of proof relative to complainant's prior sexual conduct did not constitute ineffective assistance of counsel.

Reversed.

D. C. RILEY, J., dissented. She would hold that the failure of defendants to file the statutory notice precluded consideration of the question of admission of the proffered evidence. The questions raised on appeal are either not preserved for appellate review and/or are not supported by the record. She would affirm.

OPINION OF THE COURT

1. EVIDENCE — CRIMINAL SEXUAL CONDUCT — PRIOR SEXUAL CONDUCT — COMPLAINING WITNESS — DEFENDANT — APPEAL AND ERROR.

A refusal of a trial judge in a criminal sexual conduct trial to admit a defendant's testimony relative to prior sexual acts between the defendant and the complaining witness is error.

2. EVIDENCE — CRIMINAL SEXUAL CONDUCT — PRIOR SEXUAL CONDUCT — IN CAMERA HEARING — STATUTES.

The *in camera* hearing relating to testimony concerning prior sexual acts between a defendant and a complaining witness required by the criminal sexual conduct statute lacks constitutional validity because it would necessarily require that the trial court, in its determination of whether such evidence should be admitted, take from the factfinder the question of the relative credibility of the defendant and the complaining witness (MCL 750.520j; MSA 28.788[10]).

3. EVIDENCE — CRIMINAL SEXUAL CONDUCT — PRIOR SEXUAL CONDUCT — NOTICE — STATUTES.

The failure of a defendant in a criminal sexual conduct trial to comply with the ten-day notice requirement in the criminal sexual conduct statute relative to the admission of testimony concerning prior sexual acts between a defendant and a complaining witness does not affect the right of the defendant to present such evidence, since the logical underpinnings of such a notice requirement do not exist in such a situation, the question necessarily being personal between the defendant and the complaining witness (MCL 750.520j; MSA 28.788[10]).

4. EVIDENCE — CRIMINAL SEXUAL CONDUCT — PRIOR SEXUAL CONDUCT — JOINTLY TRIED CODEFENDANTS — ADMISSIBILITY.

The fact that a defendant in a criminal sexual conduct trial is jointly tried with codefendants does not serve to deny that defendant his right to have the jury consider relative to the issue of consent evidence of his prior sexual acts with the complaining witness; the jointly tried codefendants have the right to benefit from the admission of such evidence, even though such evidence would not be admissible in the trials of the codefendants if they had been tried separately.

5. EVIDENCE — CRIMINAL SEXUAL CONDUCT — PRIOR CRIMINAL RECORD — NOTICE — APPEAL AND ERROR — STATUTES.

It is error for the court in a criminal sexual conduct trial to refuse to consider the question of the admissibility of evidence of a prior criminal record of the complaining witness, which

included an accosting and soliciting citation, because defendant failed to comply with the notice requirement of the criminal sexual conduct statute (MCL 750.520j; MSA 28.788[10]).

DISSENT BY D. C. RILEY, J.

6. CONSTITUTIONAL LAW — CRIMINAL SEXUAL CONDUCT — RIGHT TO CONFRONTATION — STATUTES.

*The provision of the criminal sexual conduct statute which excludes certain types of evidence of prior sexual conduct by the complaining witness with third parties does not deny a defendant his constitutional right to confrontation (MCL 750.520j; MSA 28.788[10]).*

7. APPEAL AND ERROR — CRIMINAL SEXUAL CONDUCT — NOTICE — FAILURE TO GIVE NOTICE — CONSTITUTIONAL LAW — STATUTES.

*Failure to file notice as required by the criminal sexual conduct statute renders unnecessary consideration of the question of the constitutional validity of the provision which bars the admission of reputation evidence (MCL 750.520j; MSA 28.788[10]).*

8. APPEAL AND ERROR — FAILURE TO ARGUE BELOW — PRESERVATION OF QUESTION.

*Failure to raise and argue an issue in the trial court precludes review on appeal, since the issue is not preserved for appellate review.*

9. EVIDENCE — CRIMINAL SEXUAL CONDUCT — HEARING — ABUSE OF DISCRETION — STATUTES.

*A hearing pursuant to the provisions of the criminal sexual conduct statute relative to the admission of newly discovered evidence relating to the reputation of the complaining witness is discretionary and failure to hold such a hearing does not constitute reversible error in the absence of a showing of abuse of discretion.*

10. APPEAL AND ERROR — INEFFECTIVE ASSISTANCE OF COUNSEL — PRESERVATION OF QUESTION.

*The question of ineffective assistance of counsel will not be considered on appeal where that question depends upon facts not of record.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, *Timothy Scallen,* Assistant Prosecuting Attorney as to the appeals of Williams and Anderson, *Anne B. Wetherholt,* Assistant Prosecuting Attorney as to the appeal of Respress, and *Brian Marzec,* Assistant Prosecuting Attorney as to the appeal of Johnson.

*Charles H. Brown, P.C.,* for defendant Williams.

*Gerald M. Lorence, P.C.,* for defendant Anderson.

*Cynthia R. Goldfarb,* for defendant Respress.

*Loren E. Monroe,* for defendant Johnson.

Before: N. J. KAUFMAN, P.J., and D. C. RILEY and J. X. THEILER,* JJ.

N. J. KAUFMAN, P.J. We agree with and adopt the statement of facts presented in the dissenting opinion. However, we note that the dissenting opinion declines to discuss the constitutional implications in this case arising out of the defendants' failure to abide by the notice requirements of the restrictive evidence provision of the criminal sexual conduct statute, MCL 750.520j(2); MSA 28.788(10)(2). We find such a discussion to be called for. This opinion, then, reflects the view that that portion of the restrictive evidence provision, which requires notice and an evidentiary hearing before admission of evidence of specific instances of sexual conduct between a complainant and a defendant, violates a defendant's sixth amendment rights to confrontation and cross-examination.

Although prior decisions of this Court have upheld the constitutionality of this restrictive evi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dence provision in the face of challenges that the preclusion of evidence regarding prior instances of a victim's sexual conduct with third persons denies a defendant his right of confrontation, no case has considered the factual situation presented here. In the instant case, one of the codefendants, who had engaged in prior sexual conduct with the complainant, sought to admit this evidence to show the complainant's consent. This attempt served to no avail because of the defendants' failure to abide by the statutory notice provisions. In point of fact, because of such improper notice, the trial court declined to conduct an *in camera* hearing to weigh the probative value of this evidence against its prejudicial nature.

A litany of cases is cited in the dissenting opinion. It becomes necessary to re-analyze the propositions raised in these opinions and place them in their proper perspective.

In *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977), *lv den* 402 Mich 829 (1977), the defendant therein sought reversal of his first-degree criminal sexual conduct conviction. On appeal, that defendant argued that the trial court's prohibition against questioning the victim about her sexual activities with third persons, prior to the alleged rape, violated his sixth amendment rights to confront and cross-examine his accuser. That defendant further argued that inquiry into the victim's sexual background should have been permitted since it was probative to the issue of consent, that defendant's principal defense. This Court rejected that defendant's arguments as irrelevant and of minimal evidentiary significance. In so holding, the Court recognized that factual situations do exist in which the victim's sexual behavior with third persons is arguably probative of

consent. The victim's sexual behavior with the actor, as in the instant case, then would be of greater moment.

The majority in *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977), rejected the argument of the defendant therein that his sixth amendment confrontation right was abridged when the trial court denied him the opportunity of questioning the complainant therein about her previous sexual activities with third persons. The Court held that a defendant is precluded from exploring a complainant's sexual past in order to attack her veracity. This holding was narrow, however.

The *Dawsey* Court did not reach the issue of the constitutionality of the statutory provision restricting evidence with respect to opinion or reputation evidence of a complainant's sexual conduct. Moreover, the *Dawsey* Court indicated that, had that defendant attempted to produce a witness to testify about that complainant's reputation for chastity and been denied, serious constitutional questions would have been raised. The Court's quote from *People v McLean,* 71 Mich 309, 312; 38 NW 917 (1888), is particularly illuminating considering the facts of the instant case:

" 'Evidence that the prosecutrix is a common prostitute, or that her character for chastity is bad, is admissible, and particular acts of unchastity or sexual intercourse with the Defendant may be shown; but evidence of such acts with a third person is not admissible'." *Dawsey, supra,* 752-753.

In the case at bar, the defendants, on the issue of the complainant's consent, sought to introduce evidence that the complainant was a common prostitute and that she had had previous sexual

conduct with one of the codefendants. Both attempts were denied by the trial court.

In *People v Patterson,* 79 Mich App 393; 262 NW2d 835 (1977), the constitutionality of the restrictive evidence provision was upheld in three separate opinions. Judges R. B. BURNS and HOLBROOK summarily rejected that defendant's sixth amendment confrontation argument. Judge CAVANAGH, in a separate concurring opinion which is quite instructive, held that the subject statute was unconstitutional to the extent that it excludes evidence which, if received, might raise in the mind of a juror a reasonable doubt as to a defendant's guilt. Further, upon a defense counsel's offer of proof, a defendant *should be entitled* to an *in camera* hearing at which he may conduct, for the court's consideration, the proposed cross-examination. The trial court must then determine whether this evidence would raise a reasonable doubt in the mind of a juror. This determination would be reviewable under a "clearly erroneous" standard by this Court, *Patterson, supra,* 413-414.

The evidence which the defendants sought to introduce with respect to the complainant's prior sexual activity with codefendant Williams could raise a reasonable doubt in the mind of a juror.

In *People v Khan,* 80 Mich App 605; 264 NW2d 360 (1978), *lv den* 402 Mich 903 (1978), this Court again upheld the constitutionality of the evidence limitation provision, finding a complainant's previous sexual encounters with persons other than a defendant to be logically and legally irrelevant.

It is noteworthy that none of the aforementioned cases dealt with specific instances of prior sexual conduct between a complainant and a defendant, as here. Moreover, language in these cases suggests that their application is narrow in

scope. Such application should not be extended to encompass the situation herein.

Restrictive evidence provisions are not given such an interpretation in California. In *People v Blackburn,* 56 Cal App 3d 685, 690; 128 Cal Rptr 864, 866-867 (1976), it was stated:

"The relevance of past sexual conduct of the alleged victim of the rape with persons *other than the defendant* to the issue of her consent to a particular act of sexual intercourse with the defendant is slight at best." (Emphasis added.)

The California Evidence Code Section 1103, as amended, contains no provision allowing a trial court, in the exercise of its discretionary powers, to deny evidence of specific instances of prior sexual conduct between a complainant and a defendant.

Furthermore, recently adopted FRE 412 *requires* the trial court to conduct an evidentiary hearing to consider specific instances of sexual conduct between a complainant and a defendant if the defendant complies with the statutory notice provision. Whereas, in Michigan, upon a defendant's compliance with the notice provision, the evidentiary hearing is still subject to the discretion of the trial court.

When evidence of specific instances of sexual conduct between a complainant and a codefendant is presented, the requirement for a hearing on the evidence lacks validity. The very nature of this evidence is personal between the parties. As such, a hearing upon its admissibility would necessarily break down into a consideration of the complainant's word against the defendant's word. Such a credibility assessment is better placed before the jury. The trial court usurps their role as a factfind-

ing body when it preliminarily reviews and denies admission of this evidence through exercise of its discretionary powers. The hearing requirement retains its constitutional validity only in situations involving previous sexual conduct between a complainant and third persons. A trial court ruling on admissibility is more in order in that situation.

This conclusion is not affected by the fact that codefendant Williams did not comply with the ten-day notice provision required by the statute. Many states choose not to impose a notice requirement where previous relations between a complainant and a defendant are concerned. See generally, Berger, *Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom,* 77 Colum L Rev 1, fn 196 at 32, and pp 100-103 (1977). There seems to be no logical justification for its imposition. We find this requirement unconstitutional when applied to preclude evidence of specific instances of sexual conduct between a complainant and a codefendant.

The object behind imposition of a notice requirement is to allow the prosecution to investigate the validity of a defendant's claim so as to better prepare to combat it at trial. This rationale is sound when applied to notices of alibi and insanity defenses. It loses its logical underpinnings however when applied to the instant situation. As stated, the very nature of the evidence sought to be presented, *i.e.,* prior instances of sexual conduct between a complainant and a codefendant, is personal between the parties. As such, it does not involve a subject matter that requires further witnesses to develop. An *in camera* hearing will necessarily focus on a complainant's word against the word of a codefendant. Requiring notice in this situation, then, would serve no useful purpose. There would be no witnesses to investigate and,

thus, no necessity for preparation time. In view of the foregoing, we find that the trial court's denial of codefendant Williams' proffered evidence represents a consideration of form over substance. The evidence should have been admitted despite noncompliance with the notice provision. This ten-day notice provision loses its constitutional validity when applied to preclude evidence of previous relations between a complainant and a defendant.

The ten-day notice provision should not preclude the admission of the evidence on behalf of the codefendants as well, albeit for different reasons. The defendants jointly petitioned for separate trials. The trial court denied these severance motions. Since all of the defendants raised consent as a defense, joinder was proper. See *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976). Nevertheless, joinder should not serve to deny codefendant Williams his right to properly present his defense. He had a right to have the jury consider evidence of his previous sexual contacts with the complainant on the issue of consent. The fact that, had the trials been held separately, the remaining defendants would not have had such a right, should not prejudice codefendant Williams. This conclusion must follow even though, as a result, the other codefendants' defenses would be bolstered by evidence deemed irrelevant under prior case law, *Thompson, supra.* A limiting instruction might be provided restricting the jury's consideration of this evidence to codefendant Williams' defense. However, we recognize that it is naive to assume that such an instruction would be at all effective. As stated in *Bruton v United States,* 391 US 123, 129; 88 S Ct 1620, 1624; 20 L Ed 2d 476, 481 (1968),

" 'The naive assumption that prejudicial effects can

be overcome by instructions to the jury * * * all prac-
ticing lawyers know to be unmitigated fiction * * *' "

Thus, we conclude that evidence of the com-
plainant's previous sexual contacts with codefen-
dant Williams should have been admitted on the
issue of consent. Codefendant Williams had the
right to present this evidence in his own defense.
The remaining defendants should have been al-
lowed to benefit from the admission of this evi-
dence because of its relevance and materiality to
codefendant Williams' defense, the joinder of the
defendants in one trial, and a realistic considera-
tion of the inefficacy of limiting instructions in
such instances.

Additionally, it should be noted that the trial
court did not allow defense counsel to delve into
the complainant's prior criminal record as evi-
denced by her rap sheet.[1] It precluded this inquiry
due to defendants' failure to abide by the notice
provisions of the criminal sexual conduct statute.
In response to complaint by defense counsel that
these materials had not been made available for
discovery until the day of trial, the court held
that, nevertheless, this evidence did not constitute
newly discovered information tending to make the
evidence described in MCL 750.520(j)(1)(a) and (b)
admissible. The problem with this conclusion is
that this evidence might have been admissible as
prior conviction evidence reflective upon the com-
plainant's credibility or lack thereof. In such case,
the trial court had a duty to exercise its discretion
in reviewing this proffered evidence without re-
gard to any notice provisions. See *People v Jack-
son,* 391 Mich 323; 217 NW2d 22 (1974), and

---

[1] A rap sheet containing a record of the complainant's prior arrests
and convictions was made available to defense counsel on the day of
trial.

*People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978). Thus, we find the trial court erred in summarily dismissing this evidence without determining its nature.

Lastly, defendants raise a claim of ineffective assistance of counsel based on the ten-day notice provision violation by counsel. We cannot accept this claim. The law in this area is in a state of flux, as evidenced by the varied nature of the opinions cited herein. Moreover, at least one of the assigned counsel was appointed just before the trial and could in no way have complied with the statutory notice provision. In view of the foregoing, we are not prepared to hold that the *Garcia-Beasley* standards for ineffective assistance of counsel were violated herein. See *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976).

In view of the foregoing, we reverse and remand for a new trial. If this trial is held jointly, the trial court should consider any evidence of previous relations between defendant Williams and the complainant. The other defendants should be allowed to benefit from the admission of this evidence as well, for the reasons stated hereinbefore. However, if separate trials are held, evidence of previous relations between defendant Williams and the complainant should only be admitted at defendant Williams' trial. This evidence should not inure to the benefit of the remaining defendants. Additionally, whether joint or separate trials are held, the trial court(s) should rule upon the admissibility of prior convictions of the complainant, if any, according to the *Jackson-Crawford* standards.

J. X. THEILER, J., concurred.

D. C. RILEY, J. *(dissenting).* Following a jury trial in Detroit Recorder's Court, March 6 through 14,

1978, defendants, under separate counts, were all found guilty of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1). Defendant Williams was sentenced to 1-1/2 to 10 years imprisonment; defendants Anderson and Respress were sentenced to terms of one year and one day to five years, the latter being given concurrent sentences for conviction under two counts; defendant Johnson was sentenced to 6-1/2 to 20 years in prison.

The evidence adduced at trial revealed that shortly after midnight on October 19, 1977, the complainant, Myrna Cage, entered the Moon Glow Lounge in the City of Detroit. Shortly thereafter she was accosted by defendants, who, she claimed, forced her at knifepoint out of the bar and to a house owned by two of the defendants. There, defendants engaged in the various sexual acts for which they were convicted.

Defendant Williams was the only one of the accused to take the stand. He testified that the complainant voluntarily left the Moon Glow Lounge with all four defendants; that she agreed at the bar to have sex with Williams and, upon reaching the house, agreed to have sex with the others. He reiterated that all the sexual acts were consensual and that the complainant responded willingly.

During opening argument, Williams' attorney informed the jury that the defendants expected the evidence to show that the complainant and Williams had had previous sexual relations. Following objection and argument, the lower court ruled that the defendants were precluded from introducing this evidence because of their failure to comply with the notice requirements of the criminal sexual conduct statute, MCL 750.520j(2);

MSA 28.788(10)(2). For the same reason, the court also rejected any evidence of prostitution by the victim.

The following day, after receipt of the complainant's "rap sheet" which contained a recent accosting and soliciting citation, the defendants again argued for the admission of evidence of prior sexual conduct between complainant and Williams and for the introduction of evidence as to the complainant's reputation for prostitution. The trial judge extended his original decision and further held that the "rap sheet" did not constitute newly discovered evidence under the statute in question so as to render it, or evidence of previous sexual contact, admissible at trial.

Defendants all appeal their convictions below, raising a plethora of evidential and constitutional allegations of error, none of which I would consider meritorious. Therefore, I dissent.

MCL 750.520j; MSA 28.788(10), enacted in 1974, controls the substantive and procedural admissibility of evidence relating to a victim's previous sexual behavior.

"Sec. 520j. (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

"(a) Evidence of the victim's past sexual conduct with the actor.

"(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

"(2) If the defendant proposes to offer evidence de-

scribed in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1)."

Defendants Anderson and Johnson argue that the preclusion of evidence regarding prior instances of a victim's sexual conduct with third persons is overbroad and unconstitutionally denies them the right of confrontation. Both Anderson and Williams advance a similar argument with respect to the victim's reputation. The exclusion of evidence regarding prior instances of a victim's sexual conduct with third persons has been held constitutional by different panels of this Court. *People v Khan,* 80 Mich App 605; 264 NW2d 360 (1978), *People v Dawsey,* 76 Mich App 741; 257 NW2d 236 (1977), *People v Thompson,* 76 Mich App 705; 257 NW2d 268 (1977), *cf., People v Patterson,* 79 Mich App 393; 262 NW2d 835 (1977). The validity of the exclusion of reputation evidence has not yet been ruled upon. However, I would not address this question inasmuch as the proffered evidence was clearly excludable because of defendants' failure to comply with the notice requirements of the statute. Thus, a constitutional decision becomes unnecessary. *People v Vanderford,* 77 Mich App 370, 373; 258 NW2d 502 (1977), *Stanek v Secretary of State,* 33 Mich App 527, 530; 190 NW2d 288 (1971).

Defendant Anderson also questions on appeal whether the notice provision of MCL 750.520j has been superseded by the adoption of MRE 404(a)(3).

This issue was not argued to the court below; hence, it has not been preserved for appellate review. See *People v Stoudemire,* 65 Mich App 664, 669; 238 NW2d 365 (1975), *People v Phelps,* 57 Mich App 300, 305; 225 NW2d 738 (1975).

Defendant Williams next maintains that, because the failure to give timely notice resulted from prosecutorial misconduct and the late appearance of retained counsel, the trial court nevertheless had the discretion, under the circumstances, to allow him to make an offer of proof concerning the excluded evidence at an *in camera* hearing. A review of the record discloses defendant Williams' preliminary contentions to be without merit. Defendant Williams was represented by appointed counsel at the time of his arraignment on the information and for the 10-day period thereafter, even though retained counsel had not yet filed an appearance. The contention that prosecutorial misconduct concealed the excluded evidence evaporates in the light of that defendant's personal knowledge of previous intimacy between himself and the complainant, knowledge which he possessed well before the notice deadline. Although *per se* excluded, the same may be said for defendant Williams' self-admitted prior awareness of the victim's reputation for prostitution. Moreover, the complainant's accosting and soliciting citation would only reinforce, not establish, her alleged reputation.

Williams also asserts that the complainant's "rap sheet" containing the recent arrest for prostitution constituted newly discovered information under MCL 750.520j(2). He reasons this information would have made evidence of prior sexual contact between himself and complainant more likely to be admitted at trial, and concludes that

the trial judge therefore abused his discretion in refusing to conduct an *in camera* hearing on the matter. Even assuming, *arguendo,* that the "rap sheet" constituted newly discovered information, the statute clearly makes the decision to order a hearing discretionary as indicated by the word "may". On these facts, given the dubious probative relationship between complainant's arrest for prostitution and the asserted prior sexual conduct with *this* particular defendant, I would find no abuse of discretion.

Finally, Williams contends that the prosecutor's failure to disclose certain promises made to the complainant in order to induce her to testify constituted misconduct sufficient to justify reversal. I disagree. No charges pending against the complainant were dismissed or even reduced. The date set for trial on the accosting and soliciting citation was merely adjourned and reset for a later date. Although a previous warrant for probation violation was taken off the LEIN (Law Enforcement Information Network) system, the violation charge was not dismissed, and a hearing thereon was held immediately following the complainant's testimony in the present case. Significantly, at a post-trial hearing on a motion for new trial, the complainant stated that she testified solely to avoid having the instant case dismissed and further indicated that she was unaware of the above adjournment and the removal of the probation warrant until well into and after, respectively, her testimony in the case at bar. Contrary to those cases cited by defendant, no deals were made nor was there any evidence bearing directly on the charged offense undisclosed by the prosecution.

Defendants Respress and Johnson allege that

their attorneys' failure to file timely notice was a mistake serious enough to deny them a fair trial. *People v Garcia,* 398 Mich 250, 266; 247 NW2d 547 (1976). To the extent that these defendants' claims depend on facts not of record, it was incumbent upon them to construct a supportive evidentiary record at the trial court level in connection with a motion for a new trial. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). Inasmuch as these defendants have made no showing that either of their attorneys possessed any knowledge of evidence regarding the complainant's past acts or reputation within the time frame in question, their claims are fatally deficient.

Defendant Johnson also asserts that his counsel's failure to demand a *Wade*[1] hearing was indicative of ineffective assistance of counsel. His defense counsel properly moved for such a hearing but the motion was dismissed based on defendant Johnson's failure to appear. I would not allow defendant Johnson to profit from his own negligence and, thus, would reject his claim.

Finally, defendant Johnson contends that the trial judge improperly disregarded his duty in imposing sentence upon him. I find nothing in the record indicating that the trial judge disregarded his duty or considered any improper factors in sentencing defendant Johnson. See *People v McIntosh,* 62 Mich App 422, 443; 234 NW2d 157 (1975), *rev'd on other grounds* 400 Mich 1; 252 NW2d 779 (1977), *People v LaPine,* 47 Mich App 553, 555-556; 209 NW2d 726 (1973).

I would affirm the convictions of all four defendants.

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).